IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| **BEAU CHARBONNEAU,**<br>On Behalf of Himself and All Others<br>Similarly Situated,<br><br>   Plaintiff,<br>vs.<br><br>**MORTGAGE LENDERS OF AMERICA,**<br>**L.L.C.**<br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 2:18-cv-02062-CM-KGS<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT MORTGAGE LENDERS OF AMERICA, L.L.C.'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Fed.R.Civ.P. 12(b)(6) and D.Kan. Rule 7.1(a), defendant Mortgage Lenders of America, L.L.C. ("MLOA") submits the following memorandum in support of its Motion to Dismiss.

## I. NATURE OF THE MATTER BEFORE THE COURT AND SUMMARY OF ALLEGATIONS

In his Amended Complaint,[1] Plaintiff Beau Charbonneau ("Charbonneau" or "Plaintiff"), a former employee of MLOA, has purported to assert an opt-in Collective Action under § 216 of the Fair Labor Standards Act ("FLSA") and a Rule 23 opt-out class action claim under the Kansas Wage Payment Act ("KWPA"). He has also asserted state law claims for unjust enrichment/quantum meruit and for breach of contract.

MLOA is a provider of online lending services located in Overland Park, Kansas. Plaintiff alleged, when he was employed at MLOA, he worked as a Loan Officer and Loan Origination Manager (or Team Lead). (Doc. #10, ¶ 1)  Plaintiff claims that he and

---

[1] Plaintiff's First Amended Complaint was filed on April 17, 2018.  ("Amended Complaint") Doc. # 10.

other Team Leads were classified by MLOA as exempt employees but they did not meet the duties or salary tests for such classification.  (Doc. #10, ¶¶ 23, 27, 41-45)  Plaintiff further alleges that he and other Loan Officers and Team Leads regularly worked in excess of forty hours a week but MLOA failed to pay them for all hours worked.  (Doc. #10, ¶¶ 48, 95)  Plaintiff also alleges that MLOA took inappropriate deductions from their wages for certain credit report fees and appraisal fees.  (Doc. #10, ¶¶ 33-35, 65-69)

Plaintiff purports to bring his claims on his behalf and on behalf of other Loan Officers and Team Leads.  (Doc. #10, ¶ 5)  Plaintiff asserted the following counts in the Amended Complaint.

- Count I        Collective Action under § 216(b) of the FLSA Overtime Claims for Team Leads
- Count II       Collective Action under § 216(b) of the FLSA Minimum Wage and Overtime Claims for Loan Officers
- Count III      Fed.R.Civ.P. 23 Class Action for Violation Of The KWPA (KWPA Unpaid Wages Claim)
- Count IV      Fed.R.Civ.P. 23 Class Action for Violations of the KWPA (KWPA Wage Deduction Class)
- Count V       Fed.R.Civ.P. 23 Class Action for Unjust Enrichment/Quantum Meruit
- Count VI      Fed.R.Civ.P. 23 Class Action for Breach of Contract (Loan Officer Class)
- Count VII     Fed.R.Civ.P. 23 Class Action for Breach of Contract (Team Lead Class)

## II.  QUESTIONS PRESENTED

A. Should Plaintiff's claim for "straight time" in Count II be dismissed because "straight time," also known as "gap time" wages are not recoverable under the FLSA and, therefore, Plaintiff fails to state a claim under the FLSA for "gap time" wages?

B. Should Plaintiff's KWPA claims in Count III for overtime and/or minimum wages based on obligations under the FLSA be dismissed because, as a matter of law, (1) he fails to state a claim for such wages under the KWPA for which relief can be granted and (2) the KWPA claims for overtime and/or minimum wages based on the FLSA are preempted by the FLSA?

C. Should Plaintiff's claim in Count III for "straight time," also known as "gap time" be dismissed because Plaintiff has failed to allege that he worked less than forty hours a week and, therefore, failed to state a claim under the KWPA for such compensation?

D. Should Plaintiff's unjust enrichment/quantum meruit claims be dismissed as duplicative, and preempted, by the FLSA, or because he has an adequate remedy at law through the FLSA and/or KWPA?

E. Should Plaintiff's breach of contract claim in Count VI for overtime compensation be dismissed in whole or in part because it is duplicative and/or preempted by the FLSA claim for overtime in Count II?

F. Should Plaintiff's KWPA claim in Count IV for wage deductions be dismissed because the proper cause of action for a wage deduction claim is a breach of employment contract claim and not a KWPA claim?

### III. THE LEGAL STANDARD FOR A MOTION TO DISMISS

In order to state a claim for relief, a plaintiff must allege sufficient facts to state a "plausible" claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). In ruling on a motion to dismiss under Rule 12(b)(6), the court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of

relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Dismissal is appropriate when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief" *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## IV. ARGUMENT AND AUTHORITIES

### A. To the Extent Count II Includes a Claim for "Straight Time," Also Known as "Gap Time Wages," the Claim Should be Dismissed.

In Count II, Plaintiff purports to assert claims under § 216 (b) of the FLSA for minimum and overtime wages. Plaintiff incorporates by reference all of his previous allegations into Count II. (Doc. # 10, ¶¶ 1 – 126) Plaintiff alleged under his "Factual Allegations" as to Loan Officers that "Defendant did not pay Plaintiff and other Loan Officers for all of their minimum wage, *gap time*, and/or overtime hours." (emphasis added) (Doc. # 10, ¶ 87) In Count II, Plaintiff alleged the FLSA requires Defendant to "compensate all non-exempt employees at a rate of not less than the applicable minimum wage for *all hours worked up to forty hours per week . . .*" (emphasis added) (Doc. # 10, ¶ 128)

Because of the conclusory nature of these allegations, it is difficult to discern what Plaintiff is seeking. However, it appears that Plaintiff purports to assert a claim for minimum wages for unpaid work during pay periods without overtime, otherwise known as "pure gap time" pay. "Gap time" is "straight time wages for unpaid work during pay periods without overtime." *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3rd Cir. 2016); s*ee also Taylor v. McLane Foodservice, Inc.*, No. 12-2697-JWL, 2013 WL

4

943531, at * 2 (D.Kan. Mar. 11, 2013) ("Pure gap time" claims seek straight time wages for unpaid work during pay periods without overtime.).

The trend of authority is that gap time wages are not recoverable under the FLSA, even where a claim is also made for overtime wages.  *See e.g., Taylor*, *Id.*, at * 2-3 (acknowledging the clear weight of authority is that the "FLSA does not provide a remedy for workers who have received at least the minimum wage for a pay period in which they have not worked overtime"); *Flexter v. Action Temporary Services*, No. 2:15-CV-754, 2016 WL 7852351, at *4 (S.D.Ohio Mar. 25, 2016) (rejecting plaintiff's claim for unpaid gap time under the FLSA); *Rosario v. First Student Management LLC*, No. 15-6478, 2016 WL 4367019, at * 6 (E.D.Pa. Aug. 16, 2016) (granting a motion to dismiss because "the FLSA does not afford redress for uncompensated gap time hours"); *Davis*, 765 F.3d at 244 (recognizing that "[c]ourts widely agree that there is no cause of action under the FLSA for 'pure' gap time wages.").

Based upon the foregoing, to the extent Plaintiff seeks recovery in Count II under the FLSA for hours worked but not compensated below the forty hour threshold, he fails to state a claim for which relief can be granted.

Moreover, in *Taylor*, 2013 WL 943531, at *3, the court noted "an employee cannot succeed on a claim under the FLSA if his average wage for a period in which he works no overtime exceeds the federal minimum wage."  *Id.* (citing *Carter v. City of Charleston*, 995 F.Supp. 620, 621 (D.SC. 1997)).  Thus, in order to state a claim for "pure gap time" wages, a plaintiff must allege that a calculation of total weekly compensation divided by total weekly hours worked results in a rate below the minimum

wage. *See Taylor*, 2013 WL 943531, at *7. Plaintiff has made no such allegation in his Amended Complaint.

For the foregoing reasons, to the extent Plaintiff's claim in Count II seeks "pure gap time" wages, such claim should be dismissed.

**B. The Claims in Count III of the Amended Complaint for Overtime and/or Minimum Wages Based on FLSA Obligations and Kansas Common Law Should be Dismissed.**

**1. Plaintiff's Claims in Count III for Overtime and/or Minimum Wages Based on FLSA Obligations and Kansas Common Law Fail to State a Claim Under the KWPA.**

In Count III, Plaintiff purports to assert claims under the KWPA for MLOA's alleged failure to pay "all wages due, including straight time[2] and *overtime wages*." (emphasis added) (Doc. # 10, ¶¶ 138, 141, 144)    He also reasserts all of his previous allegations, which include an allegation that "Defendant did not pay Plaintiff and other Loan Officers for all of their minimum wage, gap time, and/or overtime hours." (Doc. #10, ¶¶ 87, 136)[3]    In Paragraph 143, Plaintiff also alleges "*Defendant was obligated by the Fair Labor Standards Act*, its own contractual promises, and *Kansas common law* to pay these wages due, but Defendant unlawfully withheld these wages, thereby violating the KWPA." (emphasis added) (Doc. #10, ¶ 143)

---

[2] In *Folger v. Mediclodges, Inc.*, No. 13-1203-MLB-KMH, 2013 WL 11374507 (D.Kan. Dec. 12, 2013), the court denied the defendant's request to certify a question to the Kansas Supreme Court on whether the KWPA fully incorporated the substantive provisions of the FLSA. *Id.*, at 1. Plaintiff amended her complaint to clarify that the alleged KWPA violations were based on a breach of contract under the KWPA for failure to pay straight time wages in addition to a failure to pay overtime wages under the FLSA. *Id*. The court denied defendant's request holding that an answer by the Kansas Supreme Court would not dispose of plaintiff's KWPA claim because her KWPA claim as to non-payment of straight time wages still remained. *Id.*, at *2. Therefore, the court further held that the question posed to be certified failed to meet the legal standard to certify a question. *Id*. The court's Order does not state and it is not clear about the specific allegations made by plaintiff in her amended complaint upon which the court's Order was based or whether they were similar to the allegations made in Plaintiff's Amended Complaint.

[3] From these allegations, it is not clear to Defendant if Plaintiff is seeking minimum wages in Count III. To the extent Count III includes a claim for minimum wages; Defendant includes such claim within Section B of this Memorandum.

6

The KWPA provides that "[e]very employer shall pay all wages due to the employees of the employer at least once during each calendar month, on regular paydays designated in advance by the employer." K.S.A. § 44-314 (a). The KWPA does not address an employer's overtime or minimum wage obligations *Id*. The KWPA "was not intended to provide a separate means to recover for FLSA violations, but to provide workers with a means to recover for violations *not covered* by the FLSA." *Blair v. TransAm Trucking, Inc.*, No. 09-2443-EFM-KGG, 2018 WL 1523101, at *10 (D.Kan. Mar. 28, 2018). Although the KWPA "allows employees to enforce their *contractual rights* to wages owed pursuant to the parties' agreement, it does not allow employees to enforce other *statutory* rights," such as the right to overtime or minimum wages. *See id.*, at * 11.

To the extent Plaintiff relies on MLOA's alleged obligations under the FLSA in Count III to support his claim for "wages due," he is attempting to enforce statutory rights under the FLSA. In determining the viability of similar KWPA claims, in recent years, the Kansas District Court has rejected attempts by other plaintiffs to bring such claims based on FLSA violations. *See e.g., Larson v. FGX International, Inc.*, NO. 14-2277-JTM, 2015 WL 1034334 (D. Kan. Mar. 10, 2015) ("Kansas has no substantive minimum wage or maximum hour law that covers FLSA employers – it relies on the FLSA."); *McGowan v. Genesis Health Clubs Management, Inc.*, No. 17-2419-DDC-KGS, 2018 WL 572052 (D. Kan. Jan. 26, 2018) (holding that the KWPA is not the proper mechanism to bring minimum wage and overtime claims).

Instead, the Kansas Minimum Wage Maximum Hour Law ("KMWMHL") contains the substantive provisions of state minimum wage and overtime law. *See* K.S.A. §§ 44-

1201 to 44-1213; *see also Dollison v. Osborn County*, 737 P.3d 43, 48 (Kan. 1987) (explaining the KMWMHL "is the state counterpart to the federal Fair Labor Standards Act (FLSA)" and applies to overtime claims); *Brown v. Ford Storage and Moving Co., Inc.*, 224 P.3d 593, 598 (Kan.App. 2010) ("The KMWMHL regulates not only the payment of overtime, but sets the minimum hour wage employees must be paid.").

However, the KMWMHL is inapplicable to employers covered by the FLSA. *See Spears v. Mid-America Waffles, Inc.*, No. 11-2273-CM, 2011 WL 6304126, at *4-5 (D. Kan. Dec. 16, 2011) (denying plaintiffs' leave to amend their Complaint to assert a KWPA claim based on defendant's failure to pay minimum wages because such a claim was futile because the KMWMHL expressly exempts employers covered by the FLSA); *Larson*, 2015 WL 1034334, at *3 ("[T]he KMWMHL explicitly excludes from its definition of employer any employer who is subject to the provisions of the FLSA."); K.S.A. § 44-1202 (d) (expressly excluding from the definition of "employer" any employer who is subject to the provisions of the Fair Labor Standards Act); *Brown*, 224 P.3d at 588-99 ("[T]he KMWMHL applies only to 'employers' as defined by the statute. The KMWMHL definition of 'employer' excludes entities subject to regulation under the FLSA.").

Plaintiff specifically alleged that MLOA was and is an "employer" within the meaning of FLSA, 29 U.S.C. § 203. (Amended Complaint, ¶ 19) Therefore, by the plain language of the statute, Plaintiff cannot assert minimum and overtime wages against MLOA under the KMWMHL.

In *McGowen*, 2018 WL 572052, at *5, the court noted that the recent decisions by the Kansas District Court hold that a plaintiff cannot assert a KWPA claim for

overtime or minimum wages against an employer covered by the FLSA.[4]  *See e.g.*, *Stockton v. Alltite, Inc.*, No. 15-1278-JTM, 2016 WL 3973778, at *2 (D. Kan. July 25, 2016) (dismissing plaintiff's KWPA claim based on unpaid overtime wages because "the Kansas statute explicitly excepts FLSA-covered workers from its protection"); *Larson*, 2015 WL 1034334, at *3 (dismissing plaintiff's KWPA claim for FLSA minimum wages and overtime because "Kansas has no substantive minimum wage or maximum hour law that covers FLSA employers – it relies on the FLSA."); *Wheaton v. Hinz JJ, LLC*, No. 14-2223-RDR, 2014 WL 5311310, at *1-2 (D. Kan. Oct. 16, 2014) (dismissing plaintiff's KWPA claim for minimum wage violations under Rule 12(b)(6) because Kansas law allows a plaintiff to pursue minimum wage violations under the KMWMHL alone and that act expressly exempts FLSA covered employers).

In a very recent case on this same issue, the court conducted an extensive analysis of the application of the KWPA and KMWMHL to a claim for minimum wages. *See Blair*, 2018 WL 1523101, at *10.  In doing so, the court expressed its agreement with the majority of the rulings from the Kansas Federal District Court and held that "FLSA minimum and overtime wages are not recoverable as 'wages due' under the KWPA." *Id.*

Plaintiff is clearly seeking overtime wages as "unpaid wages" in Count III under the KWPA.[5]  Moreover, based on his allegation in paragraph 143, Plaintiff claims MLOA was obligated by the FLSA to pay him wages due.  Thus, to the extent Plaintiff's

---

[4] The *McGowen* court noted that it did not find in its own research, any Kansas Supreme Court case directly addressing this issue.  *See McGowen*, 2018 WL 572052, at *3.  However, the court predicted that the Kansas Supreme Court, if presented with this issue, would reach the same conclusion as the court has in the cases cited in this memorandum.  *Id.*, at *5.  At the time of the filing of this motion, MLOA did not find a Kansas Supreme Court addressing this issue.

[5] In his Amended Complaint (Doc. #10), Plaintiff alleged in Count III, "Defendant is liable to Plaintiff and the KWPA Unpaid Wages Class Members . . . including straight time and **overtime compensation** . . ." (emphasis added)  (Doc.#10, ¶ 144)

9

claim in Count III for overtime and/or minimum wages is based on statutory obligations under the FLSA, as alleged in paragraph 143, they should be dismissed.

In paragraph 143, Plaintiff also relies on the Kansas common law to support his claim for overtime wages. MLOA is not certain what "Kansas common law" on which Plaintiff relies. Nevertheless, to the extent Plaintiff's claims in Count III are based on Kansas common law, they should also be dismissed. *See* Section D of this Memorandum incorporated herein by reference.

### 2. Plaintiff's KWPA Claims in Count III for Overtime and/or Minimum Wages Based on FLSA Obligations and Kansas Common Law are Preempted by the FLSA.

Plaintiff's KWPA claims for overtime and/or minimum wages based on FLSA obligations and Kansas common law are preempted by the FLSA. "As a general rule, state law claims attempting to assert causes of action expressly provided for by federal statute are preempted." *Larson*, 2015 WL 1034334, at *3, (citing *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1399 (10th Cir. 1997)). The FLSA preempts any state law claim that attempts to assert a cause of action for minimum or overtime wages because the federal statute expressly provides for such claims. *See id.*; *see also McGowan*, 2018 WL 572052, at *5 (finding the reasoning applied by the court in *Larson* on the preemption issue "sound and convincing").

As recently as March 28, 2018, the Kansas District Court ruled "to the extent that the KWPA could be interpreted as a mechanism for asserting FLSA-based claims for minimum or overtime wages, it would be preempted by §§ 206 and 207 of the FLSA." *Blair*, 2018 WL 1523101, at * 16. In that case, the court noted "'courts that have directly

considered the preemption issue have found that the FLSA preempts duplicative state-law claims.' (citations omitted)." *Id.* at *15.

In its analysis, the court in *Blair* noted the differences between the FLSA and the KWPA. *Id.* at 13-14. In particular, the court compared the "opt in" provision included in § 216 (b) of the FLSA with the Rule 23 procedure which does not require plaintiffs to affirmatively "opt-in" which results in a larger class. *Id.* Because of this major difference, the court concluded the KWPA "'stands as an obstacle to the accomplishment and execution of the full purposes and objective of Congress.'" *Id.* For this reason, the Kansas District Court has prohibited plaintiffs from asserting a duplicative state law statutory claim in addition to a FLSA claim. *See id.*; *Larson*, 2015 WL 1034334, at *3.

Here, Plaintiff's KWPA claims in Count III for overtime and/or minimum wage compensation based on FLSA obligations and Kansas common law are duplicative of his FLSA claims in Counts I and II for overtime and/or minimum wages. Plaintiff's KWPA overtime and/or minimum wage claims in Count III based on FLSA obligations and Kansas common law are preempted and should be dismissed.

### C. Plaintiff's Claim in Count III for "Straight Time" Fails to State a Claim Under the KWPA.

In Count III, Plaintiff made the legal, conclusory allegation that "[p]ursuant to K.S.A. § 44-314, Defendant is required to pay Plaintiff and the KWPA Unpaid Wages Class Members all wages due, including *straight time* and overtime wages . . ." (emphasis added) (Doc. #10, ¶ 141)  Earlier in the Amended Complaint, Plaintiff alleged "Defendant did not pay Plaintiff and other Loan Officers for all of their minimum wage, *gap time*, and/or overtime hours."  (emphasis added)  (Doc. #10, ¶ 87)

11

Although somewhat unclear due to the conclusory nature of his allegations, it appears that Plaintiff purports to allege a claim under the KWPA for "pure gap time" wages. "Pure gap time" claims seek straight time wages for unpaid work during pay periods without overtime. *See Taylor,* 2013 WL 943531, at * 2; *see also Murphy v. First Student Management LLC*, No. 1:16-cv-01966-DAP, 2017 WL 346977, at * 4, n. 1 (N.D. Ohio Jan. 24, 2017) (*citing Taylor*, 2013 WL 943531, at *4) (describing a "pure gap time" claim as one "in which a claim for unpaid, non-overtime hours is made for a pay period in which overtime has not been worked"). Thus, "pure gap time" pay comes into play when the employee has not worked overtime.

Plaintiff's Amended Complaint is absent any allegation that he worked less than forty hours a week or ever worked pay periods without overtime. On the contrary, throughout the Amended Complaint, Plaintiff alleged that he and other Team Leads and Loan Officers regularly and typically worked over forty (40) hours a week.[6] Because Plaintiff did not allege facts to show that he worked less than forty (40) hours a week or that he worked during pay periods without overtime, he has failed to state a claim under the KWPA for "straight time," also known as "pure gap time." Therefore, Plaintiff has failed to allege a plausible claim for "straight time" in Count III and, therefore, such claim should be dismissed.

---

[6] For example, Plaintiff alleged, "Team Leads regularly work in excess of forty (40) hours in a workweek." (Doc. #10, ¶ 25); "Plaintiff and other Loan Officers regularly worked into the evenings and on the weekends, causing their hours worked to exceed forty in a week on a regular basis." (Doc. #10, ¶ 58); "Plaintiff's regular schedule had him working an average of 55 hours per week." (Doc. #10, ¶ 59); "Defendant knew Plaintiff and other Loan Officers worked more than forty hours in  week . . . " (Doc. #10, ¶ 60)

**D. Plaintiff's Common Law Claims in Count V Based on Unjust Enrichment/Quantum Meruit Should be Dismissed.**

Plaintiff asserted a claim in Count V for unjust enrichment/quantum meruit. In Count V, Plaintiff alleges that "Plaintiff and the Kansas Unjust Enrichment Class conferred a benefit upon Defendant by working 'off-the-clock' on their behalf without compensation." (Doc. #10, ¶ 155) Plaintiff has statutory remedies available under the FLSA and the KWPA to recover for MLOA's alleged failure to appropriately compensate him for "working off-the-clock."

Generally, when state and federal laws provide a means to cover unpaid compensation, courts have refused to allow a plaintiff's unjust enrichment and/or quantum meruit claim to proceed. *See e.g.*, *Garcia v. Tyson Foods, Inc.*, 766 F.Supp.2d 1167, 1188 (D.Kan. 2011) (granting summary judgment on unjust enrichment claim as duplicative of wage claims under state law) (citing *Clougher v. Home Depot U.S.A., Inc.*, 696 F.Supp.2d 285, 295 (E.D.N.Y. 2010) (dismissing quantum meruit claim as duplicative of state statutory claim in wage and hour context); *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1399 (10th Cir. 1997) (refusing to allow a common law cause of action for retaliatory discharge when the FLSA or state statute provides an adequate remedy); *see also Chytka v. Wright Tree Serv., Inc.*, 925 F.Supp.2d 1147, 1173 (D.Colo. 2013) (plaintiff's unjust enrichment claim preempted to the extent she claimed she was not paid overtime).

Plaintiff's unjust enrichment/quantum meruit claims are based in part on the same factual premises supporting the FLSA and/or KWPA claims. For example, in his "Factual Allegations," Plaintiff alleges that "[b]ecause Defendant did not pay Plaintiff and other Team Leads for all the hours they worked including overtime hours, Defendant's

13

wage statements did not accurately reflect all hours Plaintiff and other Team Leads Worked." (Doc. #10, ¶ 48)  Plaintiff further alleges, "Defendant, however, failed to pay Plaintiff and Loan Officers for all of their work hours including both straight time and overtime." (Doc. #10, ¶ 54)  Plaintiff also alleges "Defendant operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked." (Doc. #10, ¶ 103)  In Count II, Plaintiff alleges that Defendant failed to compensate Plaintiff and the FLSA Loan Officer Collective "for all hours worked."  (Doc. #10, ¶¶ 128, 129)  Thus, Plaintiff is seeking overtime compensation under the FLSA for all hours worked, including for the time he allegedly worked "off-the-clock."

MLOA acknowledges that in *Tommy v. Computer Sciences Corp.*, No. 11-cv-02214-EFM-GLR, 2013 WL 1000659 (D.Kan. Mar. 13, 2013), the court allowed a claim for "gap time" wages to proceed under a quantum meruit theory because the plaintiff was seeking something more than the FLSA could provide, and she had stated sufficient facts to encompass such claim.  *Id.*, at *2.  The court limited the quantum meruit claim solely to the recovery of gap time wages and dismissed the claim to the extent plaintiff sought to recover overtime wages pursuant to that claim.  *Id.*  With regard to the unjust enrichment claim, the court found the allegations were duplicative of plaintiff's FLSA claim and, therefore, preempted by the FLSA claim.  *Id.*, at * 3.

To the extent Plaintiff seeks wages for "off-the-clock" work, the allegation is duplicative of the allegations upon which the FLSA claims are based and, therefore, are preempted by the FLSA claim.

In Count V, Plaintiff also seeks wages on MLOA's alleged deductions for fees for credit reports and appraisals. (Doc. #10, ¶ 155) This allegation is likewise duplicative to the allegations in Count IV under the KWPA for deductions from wages. (Doc. #10, Count IV) Therefore, any recovery Plaintiff received under his quantum meruit/unjust enrichment claim would be duplicative of the recovery he received under his KWPA claim. Therefore, Plaintiff would have an adequate remedy at law under the KWPA for that claim.

Further, "[u]njust enrichment/quantum meruit is an equitable doctrine." *Midwest Asphalt Coating, Inc. v. Chelsea Plaza Homes, Inc.*, 243 P.3d 1105, 1108 (Kan.App. 2010). "Unjust enrichment is the modern designation of the older doctrine of quasi-contract." *Id.* The Tenth Circuit and courts considering Kansas law have "repeatedly applied the general rule that equitable relief is available only in the absence of adequate remedies." *Switzer v. Coan*, 261 F.3d 985, 991 (10th Cir. 2001) (affirming dismissal of equitable claim); *see also Nelson v. Nelson*, 288 Kan. 570, 597 (Kan. 2009) ("Generally, equitable remedies are not available if there is an adequate remedy at law."); *United States v. Central Livestock Corp.*, 616 F.Supp. 629, 633 (D. Kan. 1985) ("Equity will not act when there is an adequate remedy at law.").

Here, Plaintiff seeks to use the theories of unjust enrichment and quantum meruit to recover compensation for the same alleged violations that form the basis of his federal and state statutory claims. The outcome on the statutory claims should negate any unjust enrichment/quantum meruit claim and, therefore, Plaintiff has an adequate remedy at law. Because the FLSA and the KWPA provide adequate remedies at law to

Plaintiff for MLOA's alleged wage violations, Count V based on unjust enrichment and quantum meruit should be dismissed.

Further, the "doctrine of unjust enrichment is based upon implied contract." *State Farm Fire and Casualty Company v. Gates*, No. 14-CV-02392-EFM-GLR, 2016 WL 3570793, at * 14 (D. Kan. July 1, 2016). "When there is a specific contract that governs the relationship, the doctrine does not apply." *Id*. Plaintiff alleged the existence of a compensation agreement with MLOA which he claims entitles him to be paid for all hourly work performed, plus overtime premiums for all overtime work, plus commissions. (Doc. #10, ¶ 159) Thus, the alleged existence of the agreement precludes Plaintiff from recovering under an unjust enrichment theory. *See Midwest Asphalt Coating, Inc. v. Chelsea Plaza Homes, Inc.*, 45 Kan.App.2d 119, 123 (Kan.App. 2010) ("Recovery for payment under the terms of a contract and recovery for quantum meruit are mutually exclusive legal concepts."). For this additional reason, Plaintiff's unjust enrichment claim should be dismissed.

### E. Plaintiff's Common Law Claim in Count VI for Overtime Wages Based on a Breach of Contract are Preempted by the FLSA and Should be Dismissed.

Count VI contains a claim by Plaintiff and the Kansas Breach of Contract Loan Officers Class against MLOA based on breach of contract. In Count VI, Plaintiff alleged that MLOA breached its agreement with Plaintiff by failing to "compensate Plaintiff and the Kansas Breach of Contract Loan Officer class for all time worked, including both straight time and overtime." (Doc. #10, ¶ 161) This common law breach of contract claim for overtime compensation is duplicative of Plaintiff's FLSA claim in Count II, and therefore, should be dismissed because it is preempted by the FLSA.

"As a general proposition, state law claims that merely seek to enforce the defined remedies of the FLSA are preempted." *Hammond v. Lowe's Home Centers, Inc.*, 316 F.Supp.2d 975, 979 (D.Kan. 2004) (citing *Conner v. Schnuck Markets, Inc.* 121 F.3rd 1390, 1399 (10th Cir. 1997). MLOA acknowledges that this Court has held that the FLSA does not "preempt a state law claim compensable pursuant to a contract but not the FLSA." *Id.* However, Plaintiff's breach of contract claim seeks overtime compensation for all hours worked, which is essentially the same allegations upon which his FLSA claim for overtime compensation is based. (*Compare* Count II, ¶¶ 129, 130 and 134 with Count VI, ¶¶ 159, 161) Indeed, Count VI incorporates by reference Plaintiff's FLSA allegations. Here, the breach of contract claim for overtime compensation is encompassed within the FLSA claim for the same recovery. Therefore, to the extent the breach of contract claim in Count VI seeks overtime compensation, it should be dismissed.

### F. Plaintiff Fails to State a Claim Under the KWPA in Count IV for Wage Deductions.

In Count IV, Plaintiff purports to assert a claim under the KWPA for wage deductions. (Doc. #10, Count IV) Plaintiff alleges that MLOA violated K.S.A. § 44-319 by withholding, deducting and/or diverting Plaintiff's wages for credit reports and appraisal fees. (Doc. #10, ¶¶ 147, 152)

K.S.A. § 44-319 provides an employer may not "withhold, deduct or divert any portion of an employee's wages" except under certain circumstances that are specified in the statute. *See* K.S.A. § 44-319(a)(3). Count IV and the claims asserted therein should be dismissed because there is no cause of action under the KWPA based on a

violation of K.S.A. §44-319. *See Temmen v. Kent-Brown Chevrolet Co.*, 227 Kan. 45, 50, 605 P.2d 95 (1980).

In *Temmen*, an action was brought by an employee against his employer for withholding money from the employee's wages without written authorization. The wages, which were deducted without written authorization, were withheld to cover the cost of repairing plaintiff's car. *Id.* at 46. Addressing whether a private remedy existed for a violation of K.S.A. § 44-319(a)(3), the Kansas Supreme Court acknowledged an employee had a remedy for wages improperly withheld. *Id.* at 50. However, the court held "[a]n employer's withholding of an employee's wages without written authorization pursuant to K.S.A. § 44-319 constitutes a breach of the employment contract." *Id.* The trial court permitted plaintiff to amend his petition to allege conversion against his employer for withholding his wages. On appeal, the court stated "[t]he only permissible amendment would have been to allege breach of contract and the resulting damages." *Id.* at 50-51.

Based on the foregoing, if Plaintiff has a valid claim against MLOA under K.S.A. § 44-319, which is denied, such claim must be brought as a breach of contract action. Therefore, Plaintiff's claim in Count IV based on a violation of the KWPA and seeking an equal amount as a penalty should be dismissed.

### V. CONCLUSION

For the foregoing reasons, Defendant MLOA requests the Court dismiss Plaintiff's claim in Count II for "straight time" compensation because "straight time," also known as "gap time" is not recoverable under the FLSA. Defendant further requests the Court dismiss Plaintiff's KWPA overtime and/or minimum wage claims in Count III

based on FLSA obligations and Kansas common law because, as a matter of law, Plaintiff cannot state a claim for such overtime and/or minimum wages under the KWPA and, as a matter of law, such claims are preempted by the FLSA.

Further, Plaintiff's claims based on unjust enrichment/quantum meruit are duplicative of and preempted by his statutory claims under the FLSA and the KWPA and, therefore, should be dismissed. In addition, Plaintiff's breach of contract claim in Count VI for overtime compensation should be dismissed because it is preempted by the FLSA. Finally, Plaintiff's claim in Count IV for wage deductions should be dismissed because there is no cause of action under the KWPA for a violation of K.S.A. § 44-319.

Respectfully submitted,

ROUSE FRETS GENTILE RHODES, LLC


By:   /s/ *Mary C. O'Connell*
      Mary C. O'Connell     KS #25722
      Christopher L. Kurtz  KS #24388
      Joel H. Driskell      KS #27205
      5250 W. 116th Place, Suite 400
      Leawood, KS 66211
      Phone: (913) 387-1600
      Fax: (913) 928-6739
      moconnell@rousefrets.com
      ckurtz@rousefrets.com
      hdriskell@rousefrets.com

**ATTORNEYS FOR DEFENDANT
MORTGAGE LENDERS OF AMERICA, L.L.C.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 1, 2018 a true and correct copy of the foregoing was electronically filed via the Court's ECF system and served by email on:

Brett A. Davis
Tracey F. George
DAVIS GEORGE MOOK, LLC
1600 Genesee, Suite 328
Kansas City, MO  64102
Phone: (816) 569-2629
brett@dgmlawyers.com
tracey@dgmlawyers.com

ATTORNEYS FOR PLAINTIFF

       /s/ *Mary C. O'Connell*