IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BEAU CHARBONNEAU,** <br> **on behalf of himself and all others** <br> **similarly situated,** <br><br> **Plaintiff,** <br><br> v. <br><br> **MORTGAGE LENDERS OF AMERICA,** <br> **L.L.C.,** <br><br> **Defendant.** | Case No. 18-2062-CM-KGS |

## MEMORANDUM AND ORDER

Plaintiff Beau Charbonneau brings this putative class and collective action under the Kansas Wage Payment Act ("KWPA") and the Fair Labor Standards Act ("FLSA"). Plaintiff also alleges state law claims for unjust enrichment/quantum meruit and breach of contract. Plaintiff claims that his former employer—defendant Mortgage Lenders of America, L.L.C.—misclassified a certain employment position ("team lead") as an exempt position. Plaintiff also claims that defendant requires non-exempt employees (specifically, loan officers) to perform work off the clock, without pay, and that defendant unlawfully deducted certain fees from plaintiff's wages. This matter is before the court on Defendant Mortgage Lenders of America, L.L.C.'s Partial Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 27). Defendant asks the court to dismiss Count V (Unjust Enrichment/Quantum Meruit) and Count VI (Breach of Contract). For the following reasons, the court denies the motion.

### I. Legal Standards

The court will grant a 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id*. "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

### II. Factual Background

Defendant provides online lending services. Plaintiff worked for defendant as both a team lead and as a loan officer. Plaintiff claims that defendant wrongfully classified team leads as exempt employees. He claims that both team leads and loan officers worked over forty hours in a week, but defendant failed to pay them for all hours worked. Plaintiff further alleges that defendant wrongfully took deductions from the wages of team leads and loan officers for certain credit report fees and appraisal fees.

### III. Analysis

#### A. *Count V (Unjust Enrichment/Quantum Meruit)*

Defendant moves to dismiss Count V, arguing it is duplicative of plaintiff's FLSA claim and is therefore preempted by the FLSA. Defendant further claims that plaintiff has an adequate remedy

under the KWPA for any unpaid wages that do not fall under the FLSA, and therefore the claim should be dismissed. Finally, defendant notes that plaintiff pleaded the existence of a written agreement, and a written agreement precludes recovery under an unjust enrichment theory.

The FLSA provides a cause of action for minimum wage and overtime claims. 29 U.S.C. §§ 206 and 207. The KWPA, on the other hand, "gives employees the right to receive their 'wages due' and concerns when and how those wages are paid out." *Garcia v. Tyson Foods, Inc.*, 766 F. Supp. 2d 1167, 1187 (D. Kan. 2011). The KWPA does not provide any substantive rights; rather it "provides a very general state-law mechanism for enforcing the payment of wages earned by employees." *Larson v. FGX Intern., Inc.*, No. 14-2277-JTM, 2015 WL 1034334, *2 (D. Kan., Mar. 10, 2015). Courts have allowed parties to bring claims under both the KWPA and the FLSA because—particularly at the motion to dismiss stage—parties are allowed to "state alternative claims in a complaint." *See Tarcha v. Rockhurst Univ. Continuing Educ. Ctr., Inc.*, No. 11-2487-KHV, 2012 WL 1998782, * 3 (D. Kan., June 4, 2012) (noting that "[t]o the extent that plaintiffs' claims under the FLSA and KWPA are redundant, plaintiffs will be required to elect their remedies at some point later in this litigation."). Courts have also allowed parties to bring alternative claims for quantum meruit in unpaid wage cases. *See Tommey v. Computer Scis. Corp.*, No. 11-2214-EFM-GLR, 2013 WL 1000659, *2 (D. Kan, Mar. 13, 2013).

In *Tommey*, the court allowed a quantum meruit claim to proceed past the motion to dismiss stage because the claim sought "something more than what the FLSA [could] provide—such as regular wages not paid at the contracted rate or 'gap time' wages." 2012 WL 1998782, at * 3. In the present case, plaintiff brings claims under the FLSA for unpaid overtime wages and under the KWPA for unpaid straight time and overtime hours, as well as for unlawful deductions. Plaintiff also brings a claim for unjust enrichment/quantum meruit, stating that he and putative class members "conferred a

-3-

benefit upon Defendant by working 'off-the-clock' on their behalf without receiving all earned wages as a result of Defendant's unlawful withholding, deduction, or diversion of credit report fees and appraisal fees." (Doc. 23, at 25–26.) Plaintiff argues that Count V is pleaded as an alternative theory, and that it would be premature to dismiss the claim now.

Defendant is not presently challenging the legal validity of plaintiff's FLSA and KWPA claims, but indicated in its motion to dismiss that it was reserving the right to raise these issues at a later time. The court therefore has not had the opportunity to rule on whether plaintiff states a claim under either the FLSA or KWPA. *But cf. Garcia*, 766 F. Supp. 2d at 1188 (granting summary judgment on quantum meruit claims after determining that plaintiffs had viable KWPA claims); *Rukavitsyn v. Sokolov Dental Labs., Inc.*, No. 12-2253-JAR, 2012 WL 3066578, at *6 (D. Kan. July 27, 2012) (dismissing quantum meruit claim only after finding the KWPA claim viable). Under these circumstances, the court determines that it would be premature to dismiss Count V as duplicative. *Nieberding v. Barrette Outdoor Living, Inc.*, No. 12-2353-KHV, 2012 WL 6024972, at *4 (D. Kan. Dec. 4, 2012); *see also Rezac Livestock Comm'n Co. v. Pinnacle Bank*, 255 F. Supp. 3d 1150, 1175 (D. Kan. 2017) ("Rule 8(d) allows a plaintiff to plead the existence of a breached contract and unjust enrichment as alternative claims.") (citation omitted). The claim may be subject to dismissal at a later time, but the court will allow it to remain in the case for now.

### B. Count VI (Breach of Contract)

Defendant also argues that plaintiff's breach of contract claim should be dismissed as duplicative of his FLSA claim because plaintiff has not alleged any facts that would establish he was owed any additional protections in the employment agreement above and beyond those already provided by the FLSA. Plaintiff, however, seeks payment for unpaid overtime wages for five years— which exceeds the two- or three- year periods potentially available under the FLSA. Plaintiff is

-5-

therefore entitled to seek to recover additional unpaid overtime wages to the extent the statute of limitations exceeds the FLSA limitations period.  *See Hammond v. Lowe's Home Ctrs., Inc.*, 316 F. Supp. 2d 975, 979 (D. Kan. 2004); *McFarland v. Stratford Commons Rehab. & Health Care Ctr., LLC*. No. 17-2202-CM, 2017 WL 4776960, at *2 (D. Kan. Oct. 23, 2017).

**IT IS THEREFORE ORDERED** that Defendant Mortgage Lenders of America, L.L.C.'s Partial Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 27) is denied.

Dated this 6th day of December, 2018, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**