IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BEAU CHARBONNEAU,**<br><br>on Behalf of Himself<br>and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**MORTGAGE LENDERS OF AMERICA L.L.C., et al.**<br><br>Defendants. | CASE NO.: 2:18-CV-2062-HLT-ADM<br><br>JURY TRIAL DEMANDED |

## DECLARATION OF ROWDY B. MEEKS

I, Rowdy B. Meeks, pursuant to 28 U.S.C. § 1746, declare that the following are true and correct:

1. I am the founding member of the law firm Rowdy Meeks Legal Group LLC ("RMLG") and am competent to testify to the matters contained within this declaration.

2. In 1990, I graduated from Cornell University, Ithaca, New York, with a B.S. in Applied Economics and Business Management.

3. In 1993, I obtained a Juris Doctor, *magna cum laude,* from the Washburn University Law School, Topeka, Kansas.

4. Upon graduation from law school in 1993, I accepted a Labor and Employment associate position at Foulston & Siefkin LLP in Wichita, Kansas which was

1

then the largest law firm in Kansas. In 1995, I joined the Kansas City firm Blackwell Sanders Matheny Weary & Lombardi (now Husch Blackwell), as an associate in the Labor and Employment Department. I subsequently joined Sonnenschein Nath & Rosenthal (now Dentons) as a Senior Labor and Employment Associate, and then Constangy, Brooks & Smith, LLP as a Labor and Employment Partner. During my tenure at those law firms, I defended many of the nation's and region's leading companies in labor and employment litigation, including General Electric, The Boeing Company, TWA, Wal-Mart, and Sara Lee.

5.      I have also led the in-house Labor and Employment Legal Departments of two fortune 500 companies: GE Employer's Reinsurance Corporation (now Swiss Reinsurance) and H&R Block, Inc. As corporate counsel for ERC and H&R Block, I had management responsibility over labor and employment litigation and specifically managed numerous class and collective actions brought against my client/employers under the Fair Labor Standards Act and various state wage and hour laws. As corporate counsel, I had the opportunity to hire and work with many of the leading labor and employment defense firms locally and nationally. Locally, I have hired and worked with Bryan Cave LLP (now Bryan Cave Leighton Paisner), Sonnenschein, Nath & Rosenthall LLP (now Dentons) Blackwell Sanders (now Husch Blackwell LLP), Spencer Fane Britt & Browne LLP (now Spencer Fane), Constangy Brooks & Smith LLP (now Constangy, Brooks, Smith & Prophete LLP), Shughart Thompson (now Polsinelli PC). These are many of the most

prominent defense firms in Kansas City. Nationally, I have hired and worked with Jones Day, Seyfarth Shaw LLP, O'Melveny & Myers LLP, Littler Mendelson PC, Proskauer Rose LLP, and Paul Hastings among others. These are many of the most prominent defense firms nationally. In my capacity as corporate counsel, I have also had the opportunity to observe the work of many of the most prominent plaintiff-side lawyers both locally and nationally.

6. I left H&R Block to found RMLG. RMLG practices exclusively in the area of complex wage and hour litigation in state and federal courts across the United States. RMLG litigates high value collective and class action wage and hour cases on a fully contingent basis.

7. I have extensive experience litigating wage and hour class and collective actions both in the Kansas City area and nationwide. Since 2011, I have been the lead or co-lead lawyer in more than 70 wage and hour cases filed in state and federal courts including cases in Kansas, Missouri, Oregon, Illinois, Texas, Minnesota, Colorado, Kentucky, North Carolina, South Carolina, Ohio, Maryland, Massachusetts, Pennsylvania, Montana, Oklahoma, Washington, Arizona, Georgia, Florida, and Utah. These cases combined have settled for more than $80,000,000.

8. Because RMLG litigates complex commercial and wage and hour cases in Kansas City and across the country, we routinely monitor the prevailing rates for experienced litigators in Kansas City and various forums nationwide. Rates in the range

of $675 per hour and higher are commonly charged by top litigators in both defense and plaintiffs' firms who practice wage and hour law.

9. My hourly rate for FLSA collective action litigation is $675. This billing rate is the same rate numerous federal courts have approved for me in other FLSA cases. For example, in *Hamilton v. NHS Management, LLC*, W.D. Mo., 3:12-cv-05044-BCW (Doc. 140), June 17, 2015, the Court approved our attorneys' fee award applying the lodestar rate of $675/hour for me and $550/hour for my co-counsel, Tracey F. George. Similarly, Courts across the country have approved attorneys' fees for my firm applying a lodestar crosscheck using comparable hourly rates. For example, in *Anguiano v. First United Bank & Trust Co.*, W.D. Okla., 12-cv-1096, the Court (under seal) approved a fee request in a percentage of the fund settlement after conducting a lodestar crosscheck with rates of $675 per hour for me. Additionally, the United States District Court for the Eastern District of Missouri, in *O'Donnell et al v. Southwestern Yellow Pages, Inc. et al*, E.D. Mo., 11-cv-1107-CEJ, approved (under seal) my rate of $675 per hour, several years ago, in conducting a lodestar cross-check while approving a 33 1/3% fee of a common settlement fund. Further, in two FLSA collective action cases in the Western District of Washington Federal Court, Judge Coughenour recently approved $675.00 as my hourly rate in the lodestar crosscheck when he approved the requested fees in two cases. *Wheeler v. Cobalt Mortgage, Inc.*, Case No. 2:14-cv-01847-JCC (W.D. Wash.); *Grewe et al v. Cobalt Mortgage, Inc.*, Case No. 2:16-cv-00577-JCC. Likewise, in *Shaw et al v. Interthinx, et al.*,

4

Case No. 13-cv-1229-REB-BNB (D. Colo.), Judge Blackburn approved a $675 hourly crosscheck rate for me when he granted final approval of the collective and class action settlement (Docs. 247-48). Judge Robinson of the United States District Court for the District of Kansas in *French v. Midwest Management, Inc.,* D. Kan., 2:14-cv-02625-JAR-GEB, Doc. 63, February 15, 2017, approved the requested attorneys' fees based upon a lodestar crosscheck of my $675/hour rate. Again, on September 23, 2019, Judge Snow of the United States District Court for the District of Arizona in *Kuzich v. HomeStreet Bank et al,* D. Ariz., 2:17-cv-2902-GMS, Doc. 114, approved the requested attorneys' fees based upon a lodestar crosscheck rate of $675/hour for me. Likewise, on April 21, 2020, Judge Stearns of the United States District Court for the District of Massachusetts in *Duran v. Curriculum Associates LLC,* D. Mass., 1:19-cv-10286-RGS, Doc. 25, approved the requested attorney's fees in a class and collective action misclassification case based upon a $675/hour rate for me in a lodestar crosscheck. Finally, on August 11, 2020, Judge Grimberg of the United States District Court for the Northern District of Georgia in *Kirk v. Equity Prime Mortgage LLC,* N.D. Ga., 1:17-cv-5282-SDG, Doc. 91, approved the requested attorney's fees in a collective action loan officer misclassification case based upon a $675 hourly rate for me in a lodestar crosscheck.

10. I am very familiar with the law firm Davis George Mook LLC ("DGM") and with attorneys Brett A. Davis, Tracey F. George, and Nicholas J. Walker and their extensive experience as employment and complex wage and hour litigators. RMLG has

5

co-counseled with DGM and Tracey F. George on more than a dozen large wage-and-hour class and collective action lawsuits, which has provided me ample opportunity to observe firsthand DGM's legal work. The legal work performed by Mr. Davis, Ms. George, and Mr. Walker is of excellent quality and I hold them in high professional and personal regard. I am also aware that DGM has successfully prosecuted many wage and hour actions both locally and nationwide, and that DGM enjoys a stellar reputation as a wage-and-hour plaintiffs' firm.

11.  The $675 hourly rate for Brett A. Davis, a well-reputed plaintiffs' attorney with over 28 years litigation experience, the $600 hourly rate for Tracey F. George, a seasoned wage and hour attorney with over 20 years litigation experience, and the $525 rate for Nicholas J. Walker, an employment attorney with over 16 years litigation experience and a former partner in prominent, national defense firms, are reasonable. They are very experienced, high-quality employment, complex multi-plaintiff, and complex wage-and-hour attorneys, and their rates are commensurate with those charged by hourly attorneys of similar experience and success handling complex litigation on both a local and national basis.

12.  I base my opinion on my extensive experience in litigating local and national wage and hour matters as well as managing the same when I was corporate counsel, my knowledge of the local and national legal markets for such services, and the rates charged for comparable work.

13. I am familiar with this FLSA collective case and reviewed the docket sheet reflecting the amount of activity spanning this litigation. In my experience, the 3,760 hours DGM has billed to date is abundantly reasonable given the complexity and duration of this collective action, the numerous motions and extensive briefing, Defendants' production of over 2.5 million ESI pages, the parties' participation in three mediations, and the parties' fervor in litigating each issue in this contested case. In fact, I would have reasonably expected substantially more than 3,760 plaintiff hours considering the work completed throughout the duration of this case, which has been pending for more than three years and settled only a few weeks before trial.

14. I am aware that class counsel ask this Court to approve a fee award of $2,200,380, plus approximately $132,000 in costs and expenses. Applying the reasonable hours billed to the total attorneys' fee requested results in a maximum blended hourly rate of $585 ($2,200,380/3,760 hours = $585/hr).[1] This is within the blended hourly rates courts approve as reasonable in the context of complex wage and hour settlements.

15. It is also my experience that the immense time and financial resources required to litigate a FLSA collective action case such as this, all with the risk of recovering nothing, makes this case particularly undesirable to most plaintiffs' attorneys in the market. Few plaintiffs' firms are even equipped to handle a case of this magnitude and/or would

---

[1] This blended hourly rate is further reduced by DGM's unreimbursed expert witness expenses, which are necessarily incurred to calculate damages in these complex FLSA cases.

7

elect not to undertake the representation because it would preclude the acceptance of several other cases requiring less time and financial exposure.

16. For over a decade, I have successfully litigated numerous loan officer unpaid overtime cases, locally and nationally. In my experience, a $3.9 million FLSA settlement, plus fees and costs, for 167 loan officers, which results in an average payment of more than $23,000 per loan officer and $264 per eligible workweek, is an excellent result meriting approval of Plaintiffs' requested attorneys' fees and expenses.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed on: May 10, 2021.

Rowdy B. Meeks