IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BEAU CHARBONNEAU,**

on Behalf of Himself
and All Others Similarly Situated,

              Plaintiff,

v.

**MORTGAGE LENDERS OF AMERICA L.L.C., et al.**

              Defendants.

**CASE NO.: 2:18-CV-2062-HLT-ADM**

## DECLARATION OF GEORGE A. HANSON

I, George A. Hanson, a partner with Stueve Siegel Hanson LLP, declare as follows:

1. I have personal knowledge of the facts declared herein and would competently testify to them if called to do so.

2. I am a founding partner in the law firm Stueve Siegel Hanson LLP ("SSH") in Kansas City, Missouri where I have focused my practice on representing plaintiffs in wage and hour class and collective actions and complex commercial litigation.

3. I obtained a Juris Doctor, *cum laude*, from the University of Minnesota Law School in 1992. Upon graduation, I accepted a judicial clerk position with the Honorable Harriet Lansing of the Minnesota Court of Appeals. After completing my clerkship in 1993, I joined the Kansas City firm then known as Blackwell Sanders Matheny Weary & Lombardi (now known as Husch Blackwell LLP) as an associate in the Labor and Employment Department. I was elected to the firm's partnership in 1999. During my tenure at Blackwell Sanders, I defended many of the

region's leading companies in labor and employment litigation. In 2001, I left Blackwell and joined SSH.

4. I have extensive experience as a complex commercial and employment litigator and trial attorney. I have successfully tried many cases to judges and juries in both state and federal court, and have broad experience representing clients in arbitration. In addition to trial work, I have an active appellate practice and have successfully argued numerous cases before state appellate courts in Missouri, Kansas, and Illinois, and federal appellate courts in the Eighth, Ninth, and Tenth Circuits. I have been named "Best of the Bar" multiple times by the *Kansas City Business Journal* and have also been named a Missouri & Kansas Super Lawyer since 2006. I have been recognized as a Local Litigation Star for the state of Missouri by Benchmark Plaintiffs and was selected by peers for inclusion in *The Best Lawyers in America®* 2014-2017 and was named Best Lawyers' 2015 Kansas City, MO – Class Actions – Plaintiffs "Lawyer of the Year." I am rated AV – the high designation a lawyer can achieve from publisher Martindale Hubbell.

5. Over many years, I have developed a specific expertise in the prosecution of wage and hour class and collective actions both in the Kansas City area and nationwide. I have been the lead or co-lead attorney in more than 100 wage and hour actions filed in state and federal courts across the country, including Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Washington, and Wisconsin. I and my firm have been appointed lead and liaison counsel in numerous cases ordered by the Judicial Panel on Multidistrict Litigation to be coordinated for pretrial proceedings. I was appointed one of lead counsel in the District of Kansas by Judge

Lungstrum in *In Re Bank of America Wage and Hour Employment Practices Litigation*, MDL-2138, a very large national wage and hour action.

6.  In addition to my litigation experience, I have made numerous presentations regarding wage and hour law as part of seminars and continuing legal education programs across the country and have lectured at the University of Missouri Law School—Kansas City, the University of Kansas School of Law and the Washington University School of Law on wage and hour topics and complex litigation generally. The following is a list of some of my recent speaking engagements on wage and hour matters:

- "Rapid Fire Wage and Hour Case Law Update" The Practising Law Institute (January 26, 2021, New York, NY);

- "Wage and Hour Case Law Update," The Practising Law Institute (January 28, 2020, New York, NY);

- "The Life of a Wage and Hour Litigation Class or Collective Claim," The Practising Law Institute (February 13, 2018 New York, NY);

- "Wage & Hour Litigation and Compliance 2017: The Life of a Wage and Hour Litigation Claim," The Practising Law Institute (March 1, 2017, New York, NY);

- "Planning for a Wage and Hour Trial," NELA 2016 Annual Convention (June 23, 2016, Los Angeles, CA);

- "Views From the Plaintiff's Bar," American Conference Institute's 27th National Forum on Wage & Hour Claims and Class Actions (June 3, 2016, New York, NY);

- "Wage & Hour Litigation and Compliance 2016: White Collar Exemptions and Effect of DOL Regulations," The Practising Law Institute (February 8, 2016, New York, NY);

- "Trying Wage and Hour Cases of All Sizes," NELA Protecting Pay: Representing Workers (April 24, 2015, Washington, DC);

- "Litigating Attorneys' Fees in Fee Shifting Cases," ABA Federal Labor Standards Legislation Committee Midwinter Meeting (February 27, 2015, Puerto Vallarta, Mexico);

- "Wage & Hour Litigation and Compliance 2015: Arbitration Agreements and Class Waivers," The Practising Law Institute (February 9, 2015, New York, NY);

- "Class Action Fundamentals," ABA Annual Labor and Employment Law Conference (November 6, 2014, Los Angeles, CA);

- "The Vanishing Trial: A Bench & Bar Dialogue Luncheon," Kansas City Metropolitan Bar Association, (October 8, 2014, Kansas City, MO);

- "Wage & Hour Litigation and Compliance 2014: Trends in Wage & Hour Filings and Case Law Update," Practising Law Institute (February 10, 2014, New York, NY);

- "FLSA – Conditional Certification and Judicial Notice," 2013 Upper Midwest Employment Law Institute (May 21, 2013, St. Paul, MN);

- "Trying Wage & Hour Class and Collective Actions," NELA, Preventing Wage Theft: A Two-Day Guide to Litigating Cases Involving Wages, Hours & Work (March 8 – 9, 2013, Chicago, IL);

- "FLSA – Hot Topics from the Midwinter Report," ABA Association, Federal Labor Standards Legislation Committee Midwinter Meeting (February 20-22, 2013, Los Cabos, Mexico);

- "Managing Wage & Hour Risks 2013: Handling Classification and Compensation in the 21st Century Workplace," Practising Law Institute (February 11, 2013, New York, NY).

7.      In addition to these speaking engagements, for many years I have been a contributing author to several published works in the field of wage and hour law including "The Fair Labor Standards Act," (ABA Section of Labor and Employment Law) and "Wage and Hour Laws, A State-by-State Survey." (ABA Section of Labor and Employment Law). I also authored "Lifting All Boats: The Case for Wage and Hour Enforcement in Recessionary Times," published in the Kansas Journal of Law & Public Policy, Volume XIX Number 3 (Spring 2010). In June 2013, I became a member of the Senior Editorial Board for the Third Edition of the ABA's "Fair Labor Standards Act"—a leading treatise in the field.

8.      Because my firm litigates complex commercial and wage and hour cases in Kansas City and across the country, we routinely monitor the prevailing rates for experienced litigators in Kansas City and various forums nationwide. In my experience, rates in the range of $675 per hour

and higher are commonly charged by litigators in both defense and plaintiffs' firms who practice wage and hour law.

9. I am familiar with the law firm Davis George Mook LLC ("DGM") and with attorneys Brett A. Davis and Tracey F. George and their extensive experience as employment and complex wage and hour litigators. The legal work performed by Mr. Davis and Ms. George is of excellent quality, and I hold them in high professional and personal regard. I am also aware that DGM has successfully prosecuted many wage and hour actions both locally and nationwide, and that DGM enjoys a reputation as a top-flight wage and hour plaintiffs' firm.

10. The $675 hourly rate for Brett A. Davis, a highly reputable attorney with over 28 years litigation experience, and the $600 hourly rate for Tracey F. George, a seasoned wage and hour attorney with over 20 years litigation experience, are reasonable as both are high-quality employment and complex wage and hour attorneys, and their rates are commensurate with those charged by hourly attorneys of similar experience and skill handling complex litigation on both a local and national basis.

11. I am also generally familiar with DGM partner Nicholas Walker. The $525 hourly rate for Mr. Walker, an employment attorney with over 16 years litigation experience and a previous partner at national employment defense firms Littler Mendelson, Ogletree Deakins, and Constangy Prophete, I believe is commensurate with hourly rates charged by attorneys of similar experience handling complex wage and hour litigation on both a local and national basis.

12. I base my opinion on my extensive experience in litigating local and national wage and hour matters, my knowledge of the local and national legal markets for such services, and the rates charged for comparable work. For instance, my firm has had its rates approved as part of lodestar analyses (i.e., not a lodestar cross-check in support of a fee paid as a percentage of a fund)

5

both locally and nationally in wage and hour and complex class action litigation at comparable hourly rates. *See, e.g., Hapka v. CareCentrix, Inc.*, No. 16-cv-02372-KGG, 2018 WL 1879845, at *1 (D. Kan. Feb. 15, 2018) (approving Stueve Siegel Hanson's 2017 hourly rates as part of a lodestar analysis in a data breach class action with hourly rates ranging from $645-$865 per hour for partners and $375-$475 per hour for associates); *see id.* at Doc. 95 at *10 (identifying Stueve Siegel Hanson's requested hourly rates); *see also Spangler v. Nat'l Coll. of Tech. Instruction*, 2018 WL 846930, at *2 (S.D. Cal. Jan. 5, 2018) (approving Stueve Siegel Hanson's 2016 rates of $795-$825 per hour for partners and $315-$525 per hour for associates after applying the lodestar method to a contested attorneys' fee application); *see also Criddell v. Premier Healthcare Services, LLC*, Case No. 16-cv-05842-R-KS, Doc. 64 at ¶¶ 5-6 (C.D. Cal. Jan. 16, 2018) (adopting an arbitration award of attorneys' fees after a fully contested fee application and approving Stueve Siegel Hanson's 2016 hourly rates, including my rate at $825 per hour and an associate with five years of experience at $395 per hour); *see also id.* at Doc. 59-4 at *21-28 (arbitrator's award identifying requested hourly rates and analyzing rates); *Magill v. DIRECTV, LLC*, No. CV 16-00356-SVW-AS, 2017 WL 8894320, at *2 n.1 (C.D. Cal. June 23, 2017) (approving Stueve Siegel Hanson's 2016 rates of $825 per hour for partners and $600-$650 per hour for of counsel, including my rate at $825 per hour after applying the lodestar method); *see also id.* at Doc. 56-1 at *5-6 (identifying Stueve Siegel Hanson's requested hourly rates).

13. I am generally familiar with this FLSA collective case and reviewed the docket sheet reflecting the amount of activity spanning this litigation. The 3,760 hours billed by DGM to date appears reasonable in this instance, especially in light of the complexity and duration of this collective action, the extensive motions briefed over the years, Defendants' large production of documents and ESI, the parties' participation in three mediations, and the overall vigor with which

the parties litigated this fiercely contested case. In fact, it would have been reasonable to expect more than 3,760 plaintiff hours devoted to this collective case, which has been pending for more than three years and settled just weeks before trial.

14.     I am aware that Plaintiffs ask this Court to approve an attorneys' fee award of $2,200,380, plus approximately $132,000 in costs and expenses. Applying the hours billed to the total attorneys' fee requested results in a maximum blended hourly rate of $585 ($2,200,380/3,760 hours =$585/hr). From my experience a $585 blended hourly rate is reasonable in the context of complex wage and hour cases.

15.     It is also my experience that the significant investment of time and financial resources required to litigate a FLSA collective action case such as this, all with the risk of recovering nothing, makes cases like this challenging and often-times undesirable to many plaintiffs' attorneys in the market. Few plaintiffs' firms in this region are equipped to handle a case of this magnitude and/or and many firms would elect not to undertake the representation because it would preclude the acceptance of several other cases requiring less time and financial exposure.

16.     My firm and I have successfully litigated many loan officer unpaid overtime cases both locally and nationally. In my experience, a $3.9 million FLSA settlement, plus fees and costs, for 167 loan officers, which results in an average payment of over $23,000 per loan officer and $264 per eligible workweek, is a very favorable result. These 167 loan officers receive the added benefit of the defendant separately paying attorneys' fees and costs such that their settlement payments will not be decreased in any way to compensate their counsel. The quality of the results obtained, in my opinion, further supports an award of the attorneys' fees requested.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed on: May 11, 2021.

George A. Hanson