IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BEAU CHARBONNEAU**, <br><br> on Behalf of Himself <br> and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> **MORTGAGE LENDERS OF AMERICA L.L.C.**, et al. <br><br> Defendants. | **CASE NO.: 2:18-CV-2062-HLT-ADM** <br><br> JURY TRIAL DEMANDED |

## DECLARATION OF BRENDAN J. DONELON

I, Brendan J. Donelon pursuant to 28 U.S.C. § 1746, declare that the following are true and correct:

1. I am an attorney and the sole proprietor of the law firm Donelon, P.C., located at 4600 Madison, Ste. 810, Kansas City, Missouri 64112. Donelon, P.C. also operates an office in St. Louis, Missouri.

2. I founded Donelon, P.C. in February 2000. This law practice has focused almost exclusively on employment and labor law with the past twelve years devoted to wage and hour class and collective claims. Prior to forming Donelon, P.C., I was the law clerk for the Hon. John Moran, Sixteenth Judicial Circuit of Missouri; worked as an associate attorney at The Noble Law Group, P.C.; worked as an associate at The Beckett Law Firm; worked as an associate at Fields & Brown, LLC; and worked in an "of counsel"

capacity at Sanderson, Simpson, Fletcher, & Smith. All of these prior associate positions involved working on employment law matters with some personal injury claims.

3. I am member in good standing of the bars of the states of Missouri (admitted 9/29/95) and Kansas (admitted 4/26/96). I am also licensed in the bars of the following federal courts: the Western District of Missouri (admitted 10/6/95); the Eastern District of Missouri (admitted 9/13/07); the District of Kansas (admitted 4/29/96); the Southern District of Illinois (admitted 7/14/98); the Northern District of Illinois (admitted 9/3/09); the Northern District of Florida (admitted 8/5/08); the Eastern District of Michigan (admitted 9/3/09), District of Colorado (admitted 2/25/14); Southern District of Indiana (admitted 10/2/14); the Eastern and Western Districts of Arkansas (admitted 3/21/14), the Eastern District of Texas (admitted 7/28/15); the Northern District of Texas (admitted 7/28/15); the Western District of Oklahoma (admitted 8/18/15), the Central District of Illinois (1/20/17), the United States Court of Appeals for the Eighth Circuit (admitted 10/9/03); the United States Court of Appeals for the Tenth Circuit (admitted 2/23/07); the United States Court of Appeals for the Seventh Circuit (admitted 12/23/10); the United States Court of Appeals for the Second Circuit (admitted 6/12/12); the United States Court of Appeals for the First Circuit (admitted 7/13/12); and the United States Supreme Court (admitted 6/25/12).

4. Attached as Exhibit 1, and incorporated herein, is the firm resume for Donelon, P.C. demonstrating my skills and experiences. I have over 25 years of employment litigation experience, have been lead class counsel in over fifty class or collective actions involving overtime pay, have been lead counsel for numerous jury trials,

and have negotiated resolutions of multi-million-dollar class/collective claims.  My firm Donelon, P.C. has obtained in excess of $110 million in settlements for class members in wage and hour litigation over the past several years.

5. Because I litigate wage and hour cases in Kansas City and across the country, I routinely monitor the prevailing rates for experienced litigators in Kansas City and various forums nationwide.  Rates in the range of $675 per hour and higher are commonly charged by top litigators in both defense and plaintiffs' firms who practice wage and hour law.

6. I am familiar with the law firm Davis George Mook LLC ("DGM") and with attorney Tracey F. George and her extensive experience as employment and complex wage and hour litigators.  Ms. George is highly skilled and performs excellent legal work on behalf of unpaid overtime classes and collectives.  I am aware that DGM has successfully prosecuted many wage and hour actions both locally and nationwide, and that DGM is well reputed among wage-and-hour plaintiffs' firms.

7. The $600 hourly rate for Tracey F. George, a seasoned wage and hour attorney with over 20 years litigation experience, is reasonable as she is a very experienced, high-quality employment and complex wage-and-hour attorneys, and this rate is commensurate with those charged by hourly attorneys of similar experience and success handling complex litigation on both a local and national basis.

8. I base my opinion on my extensive experience in litigating local and national wage and hour matters, my knowledge of the local and national legal markets for such services, and the rates charged for comparable work.

1. For example, the hourly rate of $675 for myself, and a $600 hourly rate for Attorney Daniel Craig, was utilized by the District Court of Kansas as part of a lodestar cross-check in a contingent attorney fee awarded in an FLSA collective action – *In re: Bank of America Employment Practices Litigation*, D.Kan. case no.: 10-MD-2138. In the settlement, Judge Lungstrum approved attorney Craig and myself at our requested $635.50 blended hourly rate. (10-MD-2138, Docs. 641, 653) Not long after *Bank of America*, myself and attorney Dan Craig again had a blended hourly rate of $635.50 approved by the court in a settlement that combined five separate overtime class actions we brought against R.B.S. Citizens Bank, N.A. *Cuevas, et al. v. R.B.S Citizens, N.A.*, case no.: E.D.N.Y. CV-10-5582. Note, these rates were approved more than six years ago.

9. I am generally familiar with this FLSA collective case and reviewed the docket sheet reflecting the amount of activity spanning this litigation. The 3,760 hours billed by DGM to date appears abundantly reasonably in this case, especially given the complexity and duration of this collective action, the extensive motions briefed over the years, Defendants' production of more than 2.5 million ESI pages, the parties' participation in three mediations, and the intense vigor with which the parties litigated each issue in this contested case. In fact, it would have been reasonable to expend more than 3,760 plaintiff hours to complete the work performed in this collective case, which was intensely litigated for over three years and settled just prior to trial.

10. I am aware that class counsel ask this Court to approve a fee award of $2,200,380, plus approximately $132,000 in costs and expenses. Applying the reasonable

hours billed to the total attorneys' fee requested results in a maximum blended hourly rate of $585 ($2,200,380/3,760 hours = $585/hr).[1] This is within the blended hourly rates courts approve as reasonable in the context of complex wage and hour settlements.

11. Because of the work required, taking matters like these preclude firms from accepting more cases. Moreover, attorneys that practice in the FLSA realm generally take those cases on a contingency fee basis and are prepared to make substantial investments of time and resources with the very real possibility of an unsuccessful outcome and no fee of any kind. Indeed, there have been several cases that I have worked on for years where no fee was paid to my firm due to the contingent nature of our agreements. This makes cases like this undesirable to most plaintiffs' attorneys in the market.

12. Throughout my career, I and my firm have successfully litigated numerous loan officer unpaid overtime cases, locally and nationally. Based upon this experience, it is my opinion that a $3.9 million FLSA settlement, plus fees and costs, for 167 loan officers, which results in an average payment of more than $23,000 per loan officer and $264 per eligible workweek, is an excellent result meriting approval of Plaintiffs' requested attorneys' fees and expenses.

---

[1] This blended hourly rate is further reduced by DGM's unreimbursed expert witness expenses, which are necessarily incurred to calculate damages in these complex FLSA cases.

5

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed on: <u>May 10, 2021</u>.

_____
Brendan J. Donelon

 

**the law office of DONELON, P.C.** www.donelonpc.com
KANSAS CITY          ST. LOUIS

4600 madison . suite 8100          kansas city. missouri          phone 816.221.7100    fax 816.709.1044

6614 clayton road . # 320          saint louis. missouri    phone 314.297.8385    fax 816.709.1044

**DONELON, P.C.**, has offices located in Kansas City and St. Louis, Missouri. The firm practices in federal courts throughout the United States. Donelon, P.C. was founded by attorney Brendan J. Donelon in February 2000. The practice focuses primarily on complex wage and hour class action claims and class action consumer fraud matters. It also has extensive experience in discrimination, harassment, and wrongful termination matters. Within recent years, DONELON, P.C. has resolved **in excess of $100 million for wage and hour class/collective cases**. DONELON, P.C. has litigated cases across the country including numerous federal courts of appeal and the U.S. Supreme Court. Attorneys Brendan J. Donelon and Daniel W. Craig have extensive experience with jury trials in both state and federal courts, including class action trials.

**ATTORNEY BRENDAN J. DONELON**: Mr. Donelon has been litigating wage and employment matters since 1995. He is licensed in the bars of the states of Missouri (admitted 9/29/95) and Kansas (admitted 4/26/96). He is also a member in good standing of the bars of the following federal courts: the Western District of Missouri (admitted 10/6/95); the Eastern District of Missouri (admitted 9/13/07); the District of Kansas (admitted 4/29/96); the Southern District of Illinois (admitted 7/14/98); the Northern District of Illinois (admitted 9/3/09); the Northern District of Florida (admitted 8/5/08); the Eastern District of Michigan (admitted 9/3/09), District of Colorado (admitted 02/25/14), Southern District of Indiana (admitted 10/2/2014), the Eastern and Western Districts of Arkansas (admitted 3/21/14), the Eastern District of Texas (admitted 7/28/2015); the Northern District of Texas (admitted 7/28/2015), the Western District of Oklahoma (admitted 8/18/15), the Central District of Illinois (01/20/17), the United States Court of Appeals for the Eighth Circuit (admitted 10/9/03); and the United States Court of Appeals for the Tenth Circuit (admitted 2/23/07); the United States Court of Appeals for the Seventh Circuit (admitted 12/23/10); the United States Court of Appeals for the Second Circuit (admitted 6/12/12); the United States Court of Appeals for the First Circuit (admitted 7/13/12); and the United States Supreme Court (admitted 6/25/12). Mr. Donelon started his own law practice at the young age of 29. He has tried numerous successful jury verdicts in both state and federal courts. Mr. Donelon also has extensive practice before state and federal appellate courts including briefing matters before the U.S. Supreme Court. He is considered by his peers to be a preeminent practitioner in the litigation of complex wage and hour matters, and is an active member of the National Employment Lawyers Association (NELA). He has chaired the Labor and Employment law committee for the Kansas City Metropolitan Bar Association and also chaired the task force committee for the Kansas City chapter of NELA reviewing and analyzing revisions to the Missouri

1

Commission on Human Rights policies and procedures and its effects on claimant's rights.  Mr. Donelon has been recognized as a "Super Lawyer" for labor and employment law in Missouri and Kansas – a research-driven, peer influenced, rating service of outstanding attorneys, from more than 70 practice areas, who have attained a high-degree of peer recognition and professional achievement. The selection process includes independent research, peer nominations and peer evaluations, assuring a credible and annual list of the top 5% of attorneys.  He has made numerous presentations before local and national organizations regarding wage and employment law.

His educational background is as follows:

**University of Missouri**, Kansas City, MO.
Degree: Juris Doctorate.
Graduation: May 6, 1995.

**Truman State University**, Kirksville, MO.
Degree: B.S. Economics.
Graduation: May 9, 1992.

Mr. Donelon has litigated a large number of collective class action matters under the Fair Labor Standards Act (FLSA) and related class action claims under Fed.R.Civ.P. 23.  This includes being designated as lead class counsel in over 100 cases.  Some noted examples:

- <u>Drake, et al. v. Steak N Shake, Inc.</u>, United States District Court for Eastern District of Missouri, 4:14-cv-1535.  Initiated in 2014, Donelon, P.C. brought a misclassification case on behalf of Missouri restaurant Managers for misclassification and denial of overtime pay.  On Feb. 27, 2019, the jury returned a verdict on the class member's behalf rejecting defendant's administrative, executive, and mixed overtime exemption affirmative defenses.  Final judgment entered by court on the verdict was $7.7 million.  This case along with an accompanying FLSA collective action case were settled for $8.5 million.

- <u>Hunsley, et al. v. Univ. of Mo. Board of Curators</u>: Circuit Court of Boone County, MO, 16BA-CV01520.  Filed in 2016, Donelon, P.C. brought class action claims for breach of contract and unjust enrichment against the Univ. of MO. Health Care system for failing to pay overtime to health care providers due to defendant automatically deducting 30 minutes for meal breaks the class members were not able to take.  The Court approve a settlement of $3.6 million for over 5,000 class members on April 25, 2018.

- <u>In re: Bank of America Wage and Hour Employment Practices Litigation</u>:  United States District Court for the District of Kansas, case no.: 10-MD-2138.  Initiated in 2009, and one of the largest overtime collective actions in the country, Mr. Donelon was appointed as lead counsel over a multi-district litigation that consolidated 27 class action claims against Bank of America regarding failure to pay a class of over 180,000 employees proper overtime at their retail banking and call center locations.  Court approved $73 million settlement on December 18, 2014.

- <u>Citizens Financial Group, Inc., et al. Litigation.</u>  Six class/collective actions filed in federal courts in the N.D. Illinois, W.D. Pennsylvania, E.D. Pennsylvania, District of Massachusetts, E.D. New York, and Court of Common Pleas for Philadelphia, Pennsylvania.  All six cases related to Citizens allegedly misclassifying assistant branch managers and not paying overtime.  Also, some cases involved Citizens not paying its hourly employees overtime pay for work performed off-the-clock.  Three conditional certifications were granted under the FLSA, and three Rule 23 class certifications were granted as well.  Litigation involved appeals brought before the Seventh, Second, First, and Third Circuit court of appeals as well as the U.S. Supreme Court in one matter.  One case was tried to jury over a three-week period.  While the plaintiffs lost the trial, the claims in that matter, along with the other pending five cases, were resolved together for $11.5 million.  Appointed lead counsel in all matters.

- <u>Waters, et al. v. Kryger Glass Company</u>.  United States District Court for the Western District of Missouri, case no.: 09-CV-1003.  Filed: November 30, 2009. Class action claim under FLSA for

2

time shaving related to employees working at eight facilities.  Granted lead class counsel status.  Confidential class settlement reached.

- McFadden, et al. v. Corrections Corporation of America United States District Court for the District of Kansas, case no.: 09-2273-EFM.  Filed: May 21, 2009.  Class action claim on behalf of all assistant shift supervisors for misclassification under the FLSA.  Case covers employees at over 60 facilities in over 30 states.  Granted lead class counsel status.  Confidential settlement reached.

- Shockey, et al. v. Huhtamaki Consumer Packaging, Inc. et al. United States District Court for the District of Kansas, case no.: 09-CV-2260.  Filed: May 15, 2009.  Class action claim under the FLSA on behalf of all hourly plant employees at ten facilities for off the clock work and time clock rounding.  Granted class counsel status.  Confidential class settlement reached.

- Busler, et al. v. Enersys Energy Products, Inc. et al. $3.25 million settlement approved on 4-7-2010.  United States District Court for the Western District of Missouri, case no.: 09-CV-0159.  Filed on: February 27, 2009.  Class action claim under the FLSA on behalf of all plant employees at four locations for failure to properly pay for donning and doffing.  Granted lead class counsel status.

- Loyd, et al. v. Ace Logistics, L.L.C. et al. United States District Court, Western District of Missouri, case no.: 08-0188. Filed: March 13, 2008.  Class action claim under the FLSA on behalf of all delivery drivers who were not paid any overtime compensation.  Granted lead class counsel status.  Default judgment entered for $1.8 million.

- Mayes, et al. v. The Geo Group, Inc.  Settlement approved 10/31/2009.  Filed on: August 6, 2008.  United States District Court for the Northern District of Florida, case no.: 08-CV-0248.  Class action claim under the FLSA on behalf of in excess of 11,000 security guards at private prison for off the clock work and time clock rounding.  Granted lead class counsel status.

- Chankin, et al. v. Tihen Communications, Inc.  Confidential Settlement Approved 09/11/2009.  United States District Court, Eastern District of Missouri, case no.: 08-0196.  Filed: February 7, 2008.  Class action case under the FLSA on behalf of cable technicians that were inappropriately being treated and independent contractors and not paid overtime. Granted lead class counsel status.

- Thomas Payson, et al. v. Capital One Home Loans.  Confidential Settlement Approved 03/26/09.  United States District Court, District of Kansas, case no.: 07-2282. Class action claim under FLSA, and related Rule 23 class claims under Kansas law, on behalf of loan originators nationwide for failing to properly pay overtime on commission income. Filed on: June 29, 2007.  Granted lead class counsel status.  Settlement reached for $9.5 million.

- Barnwell, et al. v. Corrections Corporation of America.  $7 million Settlement approved 02/12/2009. United States District Court for the District of Kansas, case no.: 08-CV-2151.  Filed: April 3, 2008.  Class action claim under the FLSA on behalf of in excess of 16,000 security guards at private prison for off the clock work and time clock rounding.  Granted lead class counsel status.

- Smith, et al. v. Mill-Tel, Inc.  Confidential Settlement Approved 08/28/2008.  United States District Court, District of Kansas, case no.: 08-2016.  Filed: January 8, 2008.  Class action case under the FLSA on behalf of cable technicians that were inappropriately being treated and independent contractors and not paid overtime.  Granted lead class counsel status.  Confidential class settlement reached.

- <u>Michael Hamilton, et al. v. ATX Services, Inc.</u>  Confidential Settlement Approved 05/06/2008.  United States District Court, Western District of Missouri, case no.: 08-0030.  Filed: January 11, 2008.  Class action case under the FLSA on behalf of cable technicians that were inappropriately being treated and independent contractors and not paid overtime.  Granted lead class counsel status.  Confidential class settlement reached.

- <u>Mische, et al. v. North American Savings Bank, F.S.B.</u>  Confidential Settlement approved May 18, 2009.  United States District Court for the District of Kansas, case no.: 08-CV-2535-CM Filed on: October 27, 2008.  Class action claim under FLSA on behalf of loan originators nationwide for failing to properly pay overtime on commission income.  Granted lead class counsel status.  Confidential class settlement reached.

- <u>Most, et al. v. General Nutrition Centers, Inc.</u> Confidential Settlement approved July 23, 2007.  United States District Court for the District of Kansas, case no.: 06-CV-2330.  Filed on: August 9, 2006.  Class action claim brought under the FLSA on behalf of over 6000 store managers for failing to properly calculate and pay overtime.  Granted lead class counsel status.  Confidential class settlement reached.

Mr. Donelon has spoken on numerous occasions regarding employment law and wage and hour issues.  Some examples include:

**American Civil Liberties Union of Missouri** – Legal advisory committee member since 2017, chair of the legal advisory committee since 2018, board member since 2018.

**National Multiple Scleroses Society** - Speak on numerous occasions at conferences for newly diagnosed persons regarding their employment rights under the FMLA and the ADA.

**American Bar Association** - March 2002; Continuing Legal Education entitled Equal Employment Opportunity Basic Law and Procedures.  Topic: Starting up a plaintiff's practice.

**Sterling Educational Services** - March 2005; Continuing Legal Education entitled Basics of Missouri Workers Compensation Law.  Topic: Retaliation for Exercising Workers Compensation Rights.

**Missouri Bar Association** - Spring 2006 Meeting; Topic: member of panel discussing recent jury trial experiences in Missouri State courts under the Missouri Human Rights Act.

**Kansas City Metropolitan Bar Association** - June 2007; Processing charges of discrimination before governmental agencies.

**University of Missouri Kansas City School of Law** - November 2007, Continuing Legal Education on Employment Law.  Spoke on effective techniques in obtaining punitive damages in employment cases and pursuing collective action claims under the FLSA.

**Kansas City Metropolitan Bar Association** - February 2008, Continuing Legal Education on Mendelsohn & the Supremes.  Narrated program on recent U.S. Supreme Court case and argument regarding *Mendeloshn v. Sprint* employment case.

**Missouri Bar Association** - June 2008, Continuing Legal Education, speaker on topic of Plaintiff's Perspective: How to hit the Pot of Gold Building Case Value, Effective Discovery, State Court Summary Judgment, and Jury Trials.

**Kansas City Metropolitan Bar Association -** June 2009, Continuing Legal Education at Annual Labor & Employment Law Seminar.  Topic: *Legal Pitfalls and Opportunities: Class and Collective Actions*.

**Missouri Bar Association** – 2009 Annual Labor & Employment Law Symposium.  November 2009.  Topic: Anatomy of a FLSA Enforcement Action, Plaintiff's perspective.

4

**Kansas City Metropolitan Bar Association –** Bench, Bar & Boardroom conference.  May 2010.  Topic: Emerging trends in Employment Law for Corporate Counsel.

**Plaintiffs Employment Lawyers Association** – Golden, Colorado.  August 2016.  Topics: Trying a collective class action case and hurdles in forced arbitration.

**National Employer Lawyers Association** – Washington, D.C.  March 2017 National wage and hour conference.  Topic: moderating panel on effective way to try a class/collective action case.

      **ATTORNEY DANIEL W. CRAIG**:  Mr. Craig heads up the St. Louis office and is a 1995 graduate of the University of Missouri – Kansas City School of Law. Dan has over thirteen years of significant experience in state and federal courts representing plaintiffs in employment and personal injury matters. This includes many trial experiences. He is licensed in the states of Missouri and Illinois, the Federal District Court of Missouri for the Western and Eastern Districts, the Kansas Federal District Court, the Northern District of Illinois, and the United States Court of Appeals for the Eighth Circuit. Dan has briefed and argued before the Supreme Court of Missouri, Missouri Court of Appeals (Western, Eastern and Southern Districts), and before the Eighth Circuit Court of Appeals.

      Mr. Craig has had several experiences litigating wage and hour class action claims.  This includes being designated as lead class in numerous lawsuits.  His experience in this area is as follows:

- Hunsley, et al. v. Univ. of Mo. Board of Curators: Circuit Court of Boone County, MO, 16BA-CV01520.  Filed in 2016, Donelon, P.C. brought class action claims for breach of contract and unjust enrichment against the Univ. of MO. Health Care system for failing to pay overtime to health care providers due to defendant automatically deducting 30 minutes for meal breaks the class members were not able to take.  The Court approve a settlement of $3,600,000.00 for over 5,000 class members on April 25, 2018.

- In re: Bank of America Wage and Hour Employment Practices Litigation:  United States District Court for the District of Kansas, case no.: 10-MD-2138.  Initiated in 2010, Donelon appointed as lead counsel over a multi-district litigation that consolidated over 30 class action claims against Bank of America regarding failure to pay a class of over 180,000 hourly employees proper overtime at their retail banking and call center locations.

- Bell, et al. v. Citizens Financial Group, Inc., et al. United States District Court for the W.D. of Pennsylvania, case no.: 10-CV-0320.  Filed: March, 2010.  Class action claim under FLSA and related state law claims for misclassification of assistant branch managers working at over 1100 branches.

- Martin, et al. v. Citizens Financial Group, Inc., et al. United States District Court for the E.D. of Pennsylvania, case no.: 10-CV-0260.  Filed: January 21, 2010.  Class action claim under FLSA and related state law claims for nonexempt bank employees working at over 1100 branches.

- Waters, et al. v. Kryger Glass Company.  United States District Court for the Western District of Missouri, case no.: 09-CV-1003.  Filed: November 30, 2009.  Class action claim under FLSA for time shaving related to employees working at eight facilities.

- Gordillo, et al. v. Bank of America, N.A.  United States District Court for the Eastern District of California, case no.: 09-CV-1954.  Filed: November 23, 2009.  Class action claim brought under California wage and hour laws on behalf of all call center employees for failing to pay overtime for pre and post shift work.

- Schreiber, et al. v. Bank of America, N.A.  United States District Court for the District of Kansas, case no.: 09-CV-1336.  Filed: October 30, 2009.  Class action claim brought under FLSA on

5

behalf of all call center employees nationwide for failing to pay overtime for pre and post shift work.

- <u>West, et al. v. Citywide Mortgage Associates, Inc.</u>   United States District Court for the District of Kansas, case no.: 09-CV-2542.  Filed: October 20, 2009.  Class action claim under FLSA on behalf of loan originators nationwide for failing to properly pay overtime on commission income.

- <u>McKinzie, Jr. et al. v. Westlake "Ace" Hardware, Inc.</u> United States District Court, Western District of Missouri, case no.: 09-0796.  Filed: September 28, 2009.  Class action claim on behalf of floor supervisors for misclassification as salary exempt under the FLSA.  Case involves employees in five states.

- <u>Ross, et al. v. RBS Citizens, N.A. (d/b/a Charter One), et al.</u>   United States District Court for the Northern District of Illinois, case no.: 09-CV-5695.  Filed: September 14, 2009.  Class action claim under the FLSA and related state law claims on behalf of all nonexempt bank branch employees in four states covering over 300 locations.  Also, a misclassification claim for assistant branch managers for the same area.  Granted lead class counsel status for FLSA class claims, pending for Rule 23 claims.

- <u>Carson, et al. v. Mortgage Lenders of America, L.L.C.</u> United States District Court for the District of Kansas, case no.: 09-CV-2437-CM.  Filed: August 20, 2009.  Class action claim under FLSA on behalf of loan originators nationwide for failing to properly pay overtime on commission income.

- <u>Shockey, et al. v. Huhtamaki Consumer Packaging, Inc. et al.</u> United States District Court for the District of Kansas, case no.: 09-CV-2260.  Filed: May 15, 2009.  Class action claim under the FLSA on behalf of all hourly plant employees at ten facilities for off the clock work and time clock rounding.

- <u>Brawner, et al. v. Bank of America, N.A.</u> United States District Court for the District of Kansas, case no.: 09-CV-2073.  Filed on: February 13, 2009.  Class action claim under FLSA and related state laws on behalf of nonexempt employees working at over 6000 banking centers nationwide for off the clock work and time shaving.  Seeking lead class counsel status.

- <u>Creten-Miller, et al. v. Westlake "Ace" Hardware, Inc.</u> United States District Court for the District of Kansas, case no.: 08-2351.  Filed: July 31, 2008.   Class action claim on behalf of front end supervisors for misclassification as salary exempt under the FLSA.  Case involves employees in five states.

- <u>Humphrey, et al. v. Bank Mortgage Solutions, L.L.C. & Bank VI</u>.  Settlement approved 02/18/2010.  Filed: April 28, 2009.  United States District Court for the District of Kansas, case no.: 09-CV-2224.  Class action claim under FLSA on behalf of loan originators nationwide for failing to properly pay overtime on commission income.

- <u>Mische, et al. v. North American Savings Bank, F.S.B.</u>   Confidential Settlement approved May 18, 2009.  United States District Court for the District of Kansas, case no.: 08-CV-2535-CM Filed on: October 27, 2008.  Class action claim under FLSA on behalf of loan originators nationwide for failing to properly pay overtime on commission income.

Mr. Craig also has experience in litigating other complex employment and personal injury matters which include:

- <u>Levings, et al. v. Rent-A-Center, Inc.,</u> 4:00-CV-00596-ODS.  Class action lawsuit for employment discrimination.  Settled for an amount in excess of $13,000,000.00.

6

- Allen et al. v. Thorn Americas, Inc., et al., 4:97-CV-01159-SOW.  Class action lawsuit for employment discrimination.  Settled for $6,500,000.00.
- Wooten, et al., v. Dillards, Inc., 4:99-CV-00990-ODS.  Class action lawsuit for employment discrimination.  Settled for $5,600,000.00.
- Ross v. KCP&L, 4:98-CV-00674-ODS.  One of approximately 40 individual employment discrimination cases brought against the defendant.  Jury verdict obtained in the amount of $1,500,000.00, and settled prior to appeal.  Remaining cases settled for confidential amount.
- Barnes, et al. v. Gateway, Inc., et al., 4:99-CV-00586-GAF.  Multiple plaintiff employment discrimination lawsuit.  Settled for confidential amount.
- Thorne v. Sprint, PCS. 4:00-CV-00913-HFS.  Sexual harassment employment claim.  Jury verdict obtained in amount of $1,200,000.00.  Settled prior to appeal.
- Boshears v. Saint-Gobain Calmar, Inc., 04CV220714.  Two clients received moderate to severe burns as a result of flash fire that occurred while removing gas pipes.  Negligence claim was brought against property owner.  Jury verdict obtained in the amount of $3,060,000.00.  Verdict affirmed on appeal.
- Smith v. City of KCMO, et al., 05CV23300.  Intersection accident which led to death of mother and serious injuries to daughter.  Suit was brought against other driver and against KCMO for failing to maintain traffic signage.  Total settlement obtained in the amount of $1,500,000.00.
- Haynes v. Edgerson Ins. Agency, 04CV214433.  Negligent failure to procure insurance case.  Jury verdict obtained in the amount of $4,297,500.00.  Parties entered into settlement agreement.
- Norris v. Mo. West Conf., et al., 31102CC4167.  Intentional failure to supervise clergy case.  Jury verdict obtained in the amount of $6,000,000.00.  Parties settled prior to appeal.