IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHANIE R. GREEN, et al., )
On Behalf Of Themselves and All )
Others Similarly Situated, )
 )
      Plaintiffs, )
 )
v. ) Case No. 09-CV-2380 JAR/JPO
 )
HARBOR FREIGHT TOOLS USA, INC.,)
a Delaware Corporation, )
 )
      Defendant. )

## DECLARATION OF SARA ANTHONY

1. My name is Sara B. Anthony. I am over 21 years of age, I am of sound mind, and I am competent to make this Declaration. I have personal knowledge of the facts in this Declaration.

2. I am an attorney with Ogletree Deakins and I represent Defendant in the above-captioned matter.

3. In connection with my representation of clients in this and other complex litigation matters involving voluminous requests for Electronically Stored Information ("ESI"), I have personal knowledge concerning time/cost estimates associated with attorney review time for ESI related searches.

4. To date, Plaintiffs have not provided a proposed custodian/search term list to HFT for an ESI/e-mail related search regarding Plaintiffs' discovery requests. During a meet and confer discussion on June 21, 2011, Plaintiffs counsel confirmed that they are demanding that Harbor Freight collect, process and search what would amount to over 160 separate custodial e-mail accounts – including all e-mail accounts that the

current 64 Store Manager Plaintiffs had access to (e.g., 2 accounts per Store Manager, or 128 total), all current District Managers (approximately 31 total), all current Regional Managers (approximately 4 total), and the Vice Present of Retail Operations (1 total).

5. In connection with my representation of HFT in this matter, I am aware of the "test" search that HFT undertook of five Store Manager e-mail accounts in conjunction with Plaintiffs' discovery requests for purposes of understanding and estimating the costs associated with a broader search.

6. The "test" search term list was designed to be an educated "guess" as to the possible search terms that Plaintiffs' counsel might propose, had they provided a list to Harbor Freight (as the Court's Joint Protocol on ESI required).

7. It is my understanding that this limited "test" search was conducted by HFT through its third-party vendor, Legal Source, and yielded approximately 12,000 "hits" or documents in response to the search.

8. Assuming that it takes an average of 90 seconds (1.5 minutes) to review each document (an estimate that, in my experience with document reviews is conservative ), it would take approximately 300 attorney review hours (6-8 weeks) to review the approximate 12,000 documents containing these search terms.

9. Applying HFT's current attorney rate of $258/hour (for associate-level attorneys), the total projected time and cost for counsel to review the 12,000 documents is 6-8 weeks at a cost of $77,400.00.

10. Assuming that total overall search results and review times for search results for 164 separate e-mail pst files will result in the same approximate numbers as those

referenced in paragraphs 7-8, we can project total search results of approximately 393,600 documents for 164 custodians. And, using the same 1.5 minutes-per-document review time approximation, we can project it would take approximately 9840 hours of attorney review time (roughly 5.5 years) to review these 393,600 documents – at a cost of $2,538,720.00 dollars to HFT.

11. Thus, by way of summary, we estimate the Total Attorney Time to Review the "Test" Search Results as Applied to 164 Custodians as follows:

| **9840 Attorney Review Hours** | / | **(5.5 Years)** |
|---|---|---|
| **At a Rate of $258/Hour** | / | **= $2.5387 Million Dollars** |

12. These time and cost estimates do not include the time or processing costs associated with HFT collecting and using its third-party vendor to process and search the e-mail files.

3

Under 28 U.S.C. § 1746, I certify under penalty of that foregoing is true and correct.

Executed on this the 22nd day of July, 2011.

_____
Sara Anthony

10553171.1 (OGLETREE)