IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| BEAU CHARBONNEAU,<br>On behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORTGAGE LENDERS OF AMERICA, L.L.C., ET AL.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2:18-cv-02062-HLT<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY
IN OPPOSITION TO PLAINTIFF'S MOTION FOR
<u>AWARD OF ATTORNEYS' FEES, EXPENSES AND COSTS</u>**

Defendants Mortgage Lenders of America, L.L.C. ("MLOA"), Bradley Ives, and Philip Kneibert (collectively, "Defendants") move the Court for leave to file a Sur-reply in Opposition to Plaintiffs' Motion for Award of Attorneys' Fees, Expenses and Costs (Doc. 218). In support of this motion, Defendants state the following:

1. While the District of Kansas Local Rules do not provide for a sur-reply as a matter of right, Defendants should be permitted to file a response to Plaintiffs' Reply in Support of Motion for Award of Attorneys' Fees, Expenses and Costs ("Reply") because, in their Reply, Plaintiffs inject purported evidence for the first time that should be excluded and/or stricken under Federal Rule of Evidence 408. Alternatively, if the Court chooses to consider the purported evidence offered by Plaintiffs, it should at least be given additional context left out by the Plaintiffs, as well as accurate information regarding the parties' settlement negotiations.

2. More specifically, Plaintiffs inaccurately assert in their Reply for the first time that, in August 2020, MLOA made a "common fund <u>final</u> offer of $3,500,000 inclusive of fees." (*See* Doc. 225 at 8, n.5; Doc. 225-1, Davis Decl. at ¶ 4) (emphasis added). Plaintiffs offer this

purported evidence in support of their request for an award of more than $2.3 million in attorneys' fees, costs and expenses – an amount which is disputed.

3.      Rule 408 of the Federal Rules of Evidence expressly states that evidence of offers of "valuable consideration in compromising or attempting to compromise the claim" are "not admissible . . . either to prove or disprove the validity *or amount* of a disputed claim." Federal Rule of Evidence 408(a)(1) (emphasis added). While Plaintiffs and Defendants agreed upon an amount and various terms upon which to settle the Plaintiffs' substantive wage and hour claims,[1] the parties have *not* agreed upon the amount of *reasonable* fees, costs and expenses that may be awarded to Plaintiffs' counsel; thus, Plaintiffs' claim for attorneys' fees, costs and expenses remains disputed as to the amount. Accordingly, the Court should disregard and/or strike from the record any and all purported evidence offered by Plaintiffs regarding any offers of compromise made by MLOA and the other Defendants.

4.      Additionally, Plaintiffs' statement regarding the supposed "final" common fund offer made by MLOA is both incorrect and misleading. Thus, to the extent the Court declines to disregard and/or strike Plaintiffs' statements about Defendants' purported offers of compromise, the Court should at least be provided with additional context and accurate information for its consideration.

5.      For these reasons, Defendants have demonstrated good cause for granting them leave to file a sur-reply. Moreover, given the gravity of the relief sought by Plaintiffs, Defendants' proposed sur-reply (attached hereto as Exhibit A, with supporting Declarations) should be permitted in order to assist the Court in its determination of Plaintiffs' Motion for Award of Attorneys' Fees, Expenses and Costs.

---

[1] The Court approved the parties' amended settlement agreement on June 21, 2021. (Doc. 227).

6. Defendants' counsel has conferred with Plaintiffs' counsel regarding this Motion, who have indicated Plaintiffs oppose Defendants' request for leave to file a sur-reply.

WHEREFORE, for the foregoing reasons, Defendants respectfully request an order granting them leave to file the sur-reply attached hereto, and such other relief the Court deems proper.

    Respectfully submitted,

    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

    /s/Justin M. Dean
    Chris R. Pace    KS #17178
    Justin M. Dean    KS #19636
    4520 Main Street, Suite 400
    Kansas City, Missouri 64111
    816.471.1301
    816.471.1303 *(Facsimile)*
    chris.pace@ogletree.com
    justin.dean@ogletree.com

    **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 22nd day of June, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent an electronic notice to the following:

Brett A. Davis
Tracey F. George
Nicholas J. Walker
DAVIS GEORGE MOOK L.L.C.
1600 Genessee, Suite 328
Kansas City, MO  64102
816.569.2629
816.447.3939 (*Facsimile*)
Brett@dgmlawyers.com
tracey@dgmlawyers.com
nick@dgmlawyers.com

**ATTORNEYS FOR PLAINTIFF**

/s/Justin M. Dean
**ATTORNEY FOR DEFENDANTS**

47534156.1

4