# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| BEAU CHARBONNEAU,<br>On behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MORTGAGE LENDERS OF AMERICA, L.L.C., ET AL.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2:18-cv-02062-HLT<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES AND COSTS

Defendants Mortgage Lenders of America, L.L.C. ("MLOA"), Bradley Ives, and Philip Kneibert (collectively, "Defendants") submit this sur-reply in opposition to Plaintiff's Motion for Award of Attorneys' Fees, Expenses and Costs (the "Motion") (Doc. 218). In their Reply Suggestions in Support of the Motion (the "Reply"), Plaintiffs inaccurately describe purported settlement offers by Defendants, which should be excluded by the Court under Federal Rule of Evidence 408. If, however, the Court declines to exclude the information, Defendants should at least be allowed to provide additional context, along with accurate information for the Court's consideration in determining the amount of reasonable attorneys' fees, costs and expenses to award Plaintiffs.

**I.  Evidence of Defendants' Offers of Compromise Should be Disregarded and/or Stricken from the Record.**

In their Reply, Plaintiffs inaccurately, and for the first time, assert that in August 2020, MLOA made a "common fund <u>final</u> offer of $3,500,000 inclusive of fees." (*See* Doc. 225 at 8, n.5; Doc. 225-1, Davis Decl. at ¶ 4) (emphasis added). Plaintiffs offer this purported evidence in support of their request for an award of more than $2.3 million in attorneys' fees, costs and

expenses, an amount which is disputed. Rule 408 of the Federal Rules of Evidence expressly states that evidence of offers of "valuable consideration in compromising or attempting to compromise the claim" are "not admissible . . . either to prove or disprove the validity *or amount of a disputed claim.*" Federal Rule of Evidence 408(a)(1) (emphasis added). While Plaintiffs and Defendants agreed upon an amount and various terms upon which to settle the Plaintiffs' substantive wage and hour claims,[1] the parties have *not* agreed upon the amount of *reasonable* fees, costs and expenses that should be awarded to Plaintiffs' counsel; thus, Plaintiffs' claim for attorneys' fees, costs and expenses remains disputed as to its amount. Accordingly, the Court should disregard and/or strike from the record any and all purported evidence offered by Plaintiffs regarding any offers of compromise made by MLOA and the other Defendants.

## II.     Plaintiffs' Statement Regarding Defendants' Settlement Offer Is Incorrect, And the Court Should be Aware of Additional Context.

If the Court declines to disregard and/or strike Plaintiffs' statements regarding Defendants' settlement offers, it should be aware that Plaintiffs' statement regarding MLOA's purported "final" offer is simply incorrect, and it should consider more context. Most notably, MLOA did *not* make a common fund "final" offer in August 2020. Instead, in negotiations at the end of August 2020, while MLOA made an offer of $3.5 million, inclusive of Plaintiffs' attorneys' fees, it never stated that it was a "final offer." (Ex. 1, Declaration of Chris Pace at ¶ 2). Plaintiffs then made a settlement demand of $5.5 million for a common fund settlement, inclusive of their attorneys' fees, which they made via mediator Michael Russell, who conveyed the offer to Defendants' counsel Chris Pace. (*Id*.). Further, Plaintiffs stated this offer was off-the-table if the Court granted summary judgment in their favor related to the Team Leads' claims. (*Id*.).

---

[1] The Court approved the parties' amended settlement agreement on June 21, 2021. (Doc. 227).

2

Subsequently, at the settlement conference held on March 4, 2021, with Magistrate Judge James P. O'Hara facilitating discussions between the parties, Plaintiffs began the conference with an opening demand of $7.9 million (*i.e*. $2.4 million more than their last demand). (Ex. 2, Declaration of Justin Dean at ¶ 2). During the settlement conference with Judge O'Hara, after some negotiation, Defendants made alternative final offers: $5 million, inclusive of Plaintiffs' attorneys' fees, costs and expenses,[2] or $3.8 million with the Plaintiffs' attorneys' fees, costs and expenses to be determined by the Court via a disputed motion. (*Id*.). Plaintiffs, however, rejected both offers and instead made a final demand at that time of $6.2 million, including their attorneys' fees.[3] (*Id*. at ¶ 3). Thus, it is simply incorrect that MLOA's $3.5 million offer in August 2020 was a "final" offer. Moreover, as can be seen from the sequence above, Plaintiffs' reversal of course (*i.e.* increasing their demand by $2.4 million and ultimate refusal to come below $6.2 million) ultimately prevented the parties from reaching a settlement that would have

---

[2] Interestingly, despite Defendants having made an offer of $5 million, inclusive of Plaintiffs' attorneys' fees, Plaintiffs also state that "MLOA's common fund offers did not provide *Plaintiffs' counsel* with reasonable compensation for all of the work necessitated by MLOA's overzealous and aggressive litigation tactics." (Doc. 225 at 8; Doc. 225-1, Davis Decl. at ¶ 3) (emphasis added). This begs the question of whether it was Plaintiffs' counsel's demanded fees that were getting in the way of agreeing on a total settlement amount that would have included their fees.

[3] Notably, Plaintiffs' final demand of $6.2 million on March 4, 2021, is $700,000 more than their demand of $5.5 million at the end of August 2020. Yet, during that time period, Plaintiffs' actual damages did not increase – they were already determined by that point and were not going up with the passage of time. Thus, the only ostensible explanation for the increase is Plaintiffs' attorneys' fees. During the period from the end of August 2020 through the end of February 2021 (just prior to the March 4, 2021 settlement conference), the Court's docket entries reflect that the parties attended a pretrial conference, briefed Defendants' Motion for Decertification and Motion to Exclude and Strike Plaintiffs' Expert, and attended two status conferences with the Court. (*See* Docs. 184, 188-192, 194, 199, 202, 207, 210). For this and other work performed during that time period, Defendants expended 504.3 attorney hours. (Ex. 2, Dean Decl. ¶ 4). Even if all that work was performed by Defendants' highest rate attorney, Chris Pace, at his 2021 standard rate of $485/hour, *which it was not*, it would equate to $244,585.50. Plaintiffs, however, apparently believe their time expended during the same period should be compensated to the tune of $700,000 (more than 2 ½ times as much), which is simply unreasonable.

included Plaintiffs' attorneys' fees, costs and expenses. Accordingly, to the extent the Court believes it may consider, and is inclined to consider, any history of the parties' settlement negotiations in determining the amount of Plaintiffs' reasonable attorneys' fees, costs and expenses, the Court should consider the full context and the correct information.

## III.     Conclusion

For the foregoing reasons, as well as those set forth in Defendants' Suggestions in Opposition to Plaintiff's Motion for Award of Attorneys' Fees, Expenses and Costs, the Court should deny Plaintiff's Motion and award such relief as it deems proper.

    Respectfully submitted,

    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

    /s/Justin M. Dean
    Chris R. Pace    KS #17178
    Justin M. Dean    KS #19636
    4520 Main Street, Suite 400
    Kansas City, Missouri 64111
    816.471.1301
    816.471.1303 *(Facsimile)*
    chris.pace@ogletree.com
    justin.dean@ogletree.com

    **ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

   The undersigned certifies that on this 22nd day of June, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent an electronic notice to the following:

Brett A. Davis
Tracey F. George
Nicholas J. Walker
DAVIS GEORGE MOOK L.L.C.
1600 Genessee, Suite 328
Kansas City, MO  64102
816.569.2629
816.447.3939 (*Facsimile*)
Brett@dgmlawyers.com
tracey@dgmlawyers.com
nick@dgmlawyers.com

**ATTORNEYS FOR PLAINTIFF**

            /s/Justin M. Dean  _____
             **ATTORNEY FOR DEFENDANTS**

47534447.1

5

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY**

| | |
|---|---|
| **BEAU CHARBONNEAU**,<br><br>on Behalf of Himself<br>and All Others Similarly Situated,<br><br>            Plaintiff,<br><br>v.<br><br>**MORTGAGE LENDERS OF AMERICA L.L.C., et al.**<br><br>            Defendants. | **CASE NO.: 2:18-CV-02062-HLT-ADM** |

## DECLARATION OF CHRIS PACE

I, CHRIS PACE, hereby declare and state as follows:

1.     I am over 18 years of age and competent to testify to the matters stated in this Declaration. I have personal knowledge of the facts attested to in this Declaration.

2.     In the course of negotiations in this lawsuit at the end of August 2020, Mortgage Lenders of America, LLC made a settlement offer of $3.5 million, inclusive of Plaintiffs' attorneys' fees.  However, it never stated that it was a "final offer."  Plaintiffs then made a settlement demand of $5.5 million for a common fund settlement, inclusive of their attorneys' fees, which they made via mediator Michael Russell, who conveyed the offer to me.  According to Mr. Russell, Plaintiffs stated this offer was off-the-table if the Court granted summary judgment in their favor related to the Team Leads' claims.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct.

1

EXECUTED this 22nd day of June, 2021.

                                                    **CHRIS PACE**

47534246.1

2

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY

**BEAU CHARBONNEAU**,

on Behalf of Himself
and All Others Similarly Situated,

    Plaintiff,

v.

**MORTGAGE LENDERS OF AMERICA
L.L.C., et al.**

    Defendants.

**CASE NO.: 2:18-CV-02062-HLT-ADM**

## DECLARATION OF JUSTIN DEAN

I, JUSTIN DEAN, hereby declare and state as follows:

1. I am over 18 years of age and competent to testify to the matters stated in this Declaration. I have personal knowledge of the facts attested to in this Declaration.

2. At the settlement conference held in this case on March 4, 2021, with Magistrate Judge James P. O'Hara facilitating discussions between the parties, Plaintiffs began the conference with an opening demand of $7.9 million. After some negotiation, Defendants made alternative final offers: $5 million, inclusive of Plaintiffs' attorneys' fees, costs and expenses, or $3.8 million with the Plaintiffs' attorneys' fees, costs and expenses to be determined by the Court via a disputed motion.

3. At the settlement conference with Judge O'Hara, Plaintiffs rejected Defendants' alternative offers and instead made a final offer at that time of $6.2 million, inclusive of their attorneys' fees.

1

2

4. During the period from the end of August 2020 through the end of February 2021, Defendants expended 504.3 attorney hours in this matter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct.

EXECUTED this 22nd day of June 2021.

**JUSTIN DEAN**

47534226.1