IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BEAU CHARBONNEAU**,

on Behalf of Himself
and All Others Similarly Situated,

        Plaintiff,

v.

**MORTGAGE LENDERS OF AMERICA L.L.C.**, et al.

        Defendants.

**CASE NO.: 2:18-CV-2062-HLT-ADM**

JURY TRIAL DEMANDED

**PLAINTIFFS' OPPPOSITION TO DEFENDANTS' MOTION FOR LEAVE
TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR
AWARD OF ATTORNEYS' FEES, EXPENSES AND COSTS**

Defendants' proposed sur-reply, like their opposition brief, offers up more misstatements of law and facts. This Court should disallow it.

I.    Settlement Negotiations Are Admissible In Determining Attorney's Fee Applications.

Circuit Courts and District Courts throughout the United States widely hold that settlement discussions may be considered in determining a reasonable attorneys' fee award—this does not violate Federal Rule of Evidence 408. *See, e.g.*, *Ingram v. Oroudjian,* 647 F.3d 925, 927 (9th Cir.2011) (the district court may "consider[ ] settlement negotiations for the purpose of deciding a reasonable attorney fee award."); *Lohman v. Duryea Borough*, 574 F.3d 163, 167 (3d Cir. 2009) ("Rule 408 does not bar a court's consideration of settlement negotiations in its analysis of what constitutes a reasonable fee award in a particular case."); *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000) ("Substantial settlement offers should be considered by the district court as a factor in determining an award of reasonable attorney's fees"); *Shepard & Assocs., Inc. v. Lokring Tech.,*

*LLC*, No. 1:20-CV-02488, 2021 WL 2075499, at *3 (N.D. Ohio May 24, 2021) (Rule 408 does not bar admission of settlement negotiations in an application for attorney's fees); *Cellport Sys., Inc. v. Peiker Acustic GMBH & Co.*, No. 09-CV-01007-RBJ-MJW, 2016 WL 7375307, at *4 (D. Colo. Dec. 20, 2016) ("Ordinarily [settlement] offers are inadmissible under Rule 408 of the Federal Rules of Evidence. However, Rule 408 'does not bar a court's consideration of settlement negotiations in its analysis of what constitutes a reasonable fee in a particular case.'") (quoting *Lohman*, 574 F.3d at 167); *Cummings Inc. v. BP Products N. Am., Inc.*, Nos. 3:06-0890, 3:07-0834, 2010 WL 796825, at *1 n.1 (M.D. Tenn. Mar. 3, 2010) ("While Rule 408 does prohibit the admission of settlement negotiation evidence 'offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount,' evidence of settlement negotiations is admissible for other purposes and, as Cummings points out, numerous courts have rejected the precise argument that the defendants advance here, that is, they find that a court may consider settlement discussions in calculating an attorneys' fee award."); *Smith v. Borough of Dunmore*, No. 3:05-CV-1343, 2008 WL 4542246, at *12 (M.D. Pa. Oct. 9, 2008) ("[E]vidence of settlement negotiations is not barred in an application for attorney's fees. The evidence is not used to show liability or validity of a claim or amount.").

Consistent with this well-settled law, Plaintiffs offered limited information regarding the parties' prior settlement history, not to "prove or disprove the validity or amount of a disputed claim," but rather to demonstrate (1) Defendants' clear awareness of the difference between a common fund settlement and a fee-shifting settlement, (2) the substantial success of Plaintiffs' result obtained with this Settlement as compared to historically low settlement offers, and (3) the protracted nature of the litigation was necessitated by Defendants' unreasonably low settlement offers during the first three years of litigation. As the above-cited cases confirm, this conforms

with Rule 408.  *See* Fed. R. Evid. 408 Advisory Committee's Note to 2006 Amendment ("Rule 408 [is] inapplicable when compromise evidence is offered for a purpose other than to prove the validity, invalidity, or amount of a disputed claim.").[1]

Defendants themselves offered evidence of the parties' settlement negotiations in their own opposition brief when discussing their Rule 68 offers of judgment, which Plaintiffs rejected in favor of the now Court-approved Settlement Agreement.  This is no different.  *See, e.g., Lohman*, 574 F.3d at 168 (3d Cir. 2009) (finding no distinction in the admissibility of Rule 68 offers and informal settlement negotiations in determining attorney's fee awards).  Defendants' complaint on this issue has no merit.

II.     <u>Plaintiffs Correctly Described The Settlement Negotiations</u>.

Defendants' August 2020 $3.5 million common-fund settlement offer (inclusive of fees) was a *final* offer.  When Plaintiffs attempted to continue negotiations with a $5.5 million counteroffer, the mediator advised Plaintiffs "[Mr. Pace] could not get any authority beyond the $3.5 [million]."  Exh. 1, Davis Decl., at ¶ 2.  Defendants did not make any other settlement offer before the parties' subsequent mediation in March 2021.

Plaintiffs advised Defendants the settlement value would increase from their $5.5 million counteroffer if and when the Court granted Plaintiffs' summary judgment motion on the Team Lead claim, which did in fact happen, along with the Court's rejection of Defendants' decertification and *Daubert* motions.  Each of these events increased Plaintiffs' likelihood of success at trial and—in turn—the settlement value of the case.  Contrary to Defendants' musings, Plaintiffs did not narrowly base their increased case valuation on the added attorney's fees incurred

---

[1] Plaintiffs did not disclose (and still have not disclosed) any of the parties' settlement discussions or offers exchanged during the mediation session with Magistrate Judge O'Hara, in compliance with and adherence to his instructions at mediation.

after August 2020. Much more goes into Plaintiffs' settlement valuation. Certain liability on the Team Lead claim was the largest factor. Defendants admit this in their own surreply when they concede, "Plaintiffs stated this [$5.5 million] offer was off-the-table if the Court granted summary judgment in their favor related to the Team Leads' claims."

Finally, Defendants' insinuation that "it was Plaintiffs' counsel's demanded fees that were getting in the way of agreeing on a total settlement amount that would have included their fees" is divorced from reality. Plaintiffs' counsel put the Opt-in Plaintiffs' interests ahead of their own each step of the way, achieving a Settlement Agreement exceeding any amount Defendants' ever previously offered to exclusively benefit Plaintiffs and ensuring these funds are in no way delayed, reduced, or otherwise contingent on Plaintiffs' counsels' full recovery of their reasonable fees incurred prosecuting this high-stakes litigation.

This Court should disallow Defendants' proposed sur-reply.

Respectfully submitted,

**DAVIS GEORGE MOOK LLC**

/s/ *Nicholas J. Walker*
Brett A. Davis, KS Bar No. 16217
Tracey F. George, D.Kan. Bar No. 77967
Nicholas J. Walker KS Bar No. 21951
**DAVIS GEORGE MOOK LLC**
1600 Genessee St., Suite 328
Kansas City, MO 64102
Tel. 816-569-2629
Fax. 816-447-3939
E-mail: tracey@dgmlawyers.com
E-mail: brett@dgmlawyers.com
E-mail: nick@dgmlawyers.com
www.dgmlawyers.com

**Attorneys For Plaintiff**

## **CERTIFICATE OF SERVICE**

      I certify that on this, the 22nd day of June, 2021, I have served the foregoing on Defendants via the Court's CM/ECF electronic filing system, which will send electronic notification to all counsel of record.

                               /s/ *Nicholas J. Walker*
                               **Attorney for Plaintiff**